SPENCER v. HARDIN.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

1. APPEAL AND ERROR (§§ 259, 268*)—RESERVATION OF GROUNDS — EXCEPTIONS.

On an appeal from an order denying a new trial, the court may consider the weight of the evidence and the question as to whether or not the case was tried on a wrong theory, though exceptions are absent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1498–1502, 1596–1604, 1606; Dec. Dig. §§ 259, 268.*]

2. CORPORATIONS (§ 118*)—BREACH OF CONTRACT—DAMAGES.

A recovery for a nondelivery of certain stock at a value of 15 cents a share under a contract which necessitated a demand in order to put the defendant in default is excessive, where the only demand shown was made after the company issuing the stock had failed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 497, 498; Dec. Dig. § 118.*]

8. TRIAL (§ 191*)—INSTRUCTIONS—INVASION OF JURY'S PROVINCE.

Where there was never an open market for stock for the nondelivery of which damages were sought, the question as to its value was for the jury, and an instruction submitting that, if the jury should find for the plaintiff, it should assess damages at 15 cents per share, was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Trial Term, New York County.

Action by William F. Spencer against James D. Hardin. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George H. Fletcher, for appellant.

Joseph M. Baum, for respondent.

SCOTT, J. The action is brought to recover damages for the failure of defendant to deliver to plaintiff 100,000 shares of the capital stock of the Branch Mint Mining & Milling Company, which, as plaintiff alleges, he purchased in May, 1905. The agreement for sale is said to have been an oral one, as to which plaintiff and defendant alone are able to testify directly. The former alleges that the sale was made. The latter denies it. It is not claimed that the enterprise was a fraudulent one, but it ultimately proved to be a failure. The company had issued an enormous amount of stock, mainly or wholly to defendant, who was engaged in and about the year 1905 in selling it, partly through the efforts of plaintiff, who was compensated for his services. The price at which the stock was offered to optimistic investers was 15 cents per share, and apparently a considerable amount was sold by defendant at that figure, although, on occasion, he was able to buy back shares at a much smaller price. The stock was not listed on any exchange, and there was no open market for it.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] There is a notable lack of exceptions in the record, but, on the appeal from the order denying the motion for a new trial, we are authorized to consider the weight of the evidence, and the question whether or not the case was tried upon a wrong theory. Goldman v. Swartwout, 117 App. Div. 188, 102 N. Y. Supp. 302. Whether or not any contract was ever made rests upon the testimony of the interested parties, and so far the evidence may be said to be equally balanced. From the time the sale is said to have been made, until after the failure of the enterprise had been demonstrated plaintiff and defendant apparently remained on terms of intimacy, and engaged in frequent correspondence relating to the affairs of the company. It is very significant that in all this correspondence no reference is made to any sale of stock to plaintiff or any claim he had to a delivery of shares upon such sale.

[2] If, however, plaintiff's version of the sale be accepted as true, no time was agreed upon within which the stock was to be delivered, and, in order to put defendant in default a demand was necessary. Plaintiff attempted to prove such a demand in July, 1905, but it is evident that, if any demand was then made, it was waived, and not persisted in. A formal demand, and the only one clearly proven, was made in 1908 after the enterprise had failed, and the stock doubtless had become valueless.

[3] The court did not leave the question of damages to the jury, but charged that, if it was found that the contract of sale had been made (nondelivery being admitted), plaintiff was entitled to recover the value of the stock estimated at 15 cents per share. This was doubtless upon the theory that if the stock had been delivered when, or shortly after, the sale had been made, the plaintiff would have been able to sell it at the price named. If, however, as we consider, defendant was not in default until the formal demand was made upon him in 1908, the verdict rendered under this charge was much too large, and in any event, since there was never an open market for the stock, the question of the amount of damages was for the jury.

We are therefore of the opinion that the verdict was arrived at by the application of an erroneous rule of damages, and that the judgment cannot be sustained upon the evidence.

It will therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.