affirmed an order of Special Term remanding upon habeas corpus children of the relator to the joint custody of their parents. The relator's husband, with whom she was living, without her consent, placed their three children, aged nine years, in the care of the defendant, a boarding school or academy. The question involved was as to the right of a father not separated from his wife but living in a home with her to send his children away from the home against her consent.

*James O. Moore* for appellant.

*William S. Stearns* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH JAWORSKI, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Supreme Court, rendered December 9, 1921, at a Trial Term for the county of Chautauqua, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Warner S. Rexford* for appellant.

*William S. Stearns, District Attorney,* for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE N. OSTRANDER et al., Respondents, *v.* FRANK L. BELL et al., Respondents, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

*Real property — title — state — validity of title to real property under comptroller's deeds.*

*Ostrander v. Bell,* 199 App. Div. 304, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial

department, entered January 6, 1922, unanimously affirming an interlocutory judgment entered upon a decision of the court on trial at Special Term adjudging, in an action for the partition of real property, that the plaintiff George N. Ostrander and the defendant Frank L. Bell were each an owner of an undivided one-half interest in lot 19, Oxbow tract, Hamilton county, and that the People of the State of New York had no right, title or interest therein, except certain liens for taxes. The People claimed title under certain deeds from the comptroller describing and purporting to convey the lands in question.

*Charles D. Newton*, Attorney-General (*William T. Moore* of counsel), for appellant.

*J. A. Kellogg, George N. Ostrander* and *Frank L. Bell* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

HENRY YOOS, an Infant, by HENRY YOOS, His Guardian ad Litem, Respondent, *v.* THIRD AVENUE RAILWAY COMPANY, Appellant.

*Negligence — railroads — injury to eye of child from spark from drill used in repairing tracks.*

Yoos v. *Third Avenue Railway Co.*, 197 App. Div. 936, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1921, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. This action was brought to recover damages for personal injuries alleged to have been sustained by the infant plaintiff on the 13th day of April, 1917, by reason of the defendant's employees negligently and carelessly repairing the tracks of its railway on One Hundred and Third street and Third avenue and by reason of their negligence and carelessness in operating