ALFRED J. ENO et al., Appellants, *v.* JOSEPH M. KLEIN, Respondent.

*Appeal — Appellate Division without power to dismiss complaint where defendant has failed at close of case to move for dismissal of complaint or for direction of verdict.*

No motion having been made at the close of the case by the defendant for a dismissal of the complaint or for a direction of a verdict, it constituted in this case a concession or admission upon his part that there was evidence which justified a submission of the case to the jury. The Appellate Division, therefore, had no power to dismiss the complaint. Section 457 of the Civil Practice Act for the same reason is not in question.

*Eno* v. *Klein*, 204 App. Div. 840, modified.

(Argued May 4, 1923; decided May 11, 1923.)

APPEAL from a judgment, entered November 27, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiffs entered upon a verdict and directing a dismissal of the complaint.

The action was brought to recover broker's commissions alleged to have been earned by the plaintiffs in connection with the procurement for the defendant

of a lease of certain premises on Fulton street, Jamaica, known as the Mansion House property.

*Charles H. Street* for appellants.

*H. H. Nordlinger* and *Samuel H. Hofstadter* for respondent.

*Per Curiam.* The judgment of the Appellate Division reversing on the law and the facts the judgment of the trial court and dismissing the complaint is modified by granting a new trial. No motion having been made at the close of the case by the defendant for a dismissal of the complaint or for a direction of a verdict, it constituted in this case a concession or admission upon his part that there was evidence which justified a submission of the case to the jury.

The Appellate Division, therefore, had no power to dismiss the complaint. (Civil Practice Act, sec. 584; *Murtha* v. *Ridley*, 232 N. Y. 488.)

Section 457 of the Civil Practice Act for the same reason is not in question.

The judgment appealed from should be modified so as to order a new trial instead of dismissing complaint, with costs to appellant to abide event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.