URBAN LUECHINGER, an Infant, by JACOB LUECHINGER, His Guardian ad Litem, Appellant, *v.* OTTO EICHHAM-MER, Respondent, Impleaded with Another.

*Appeal — failure of defendants to move at close of evidence for dismissal of complaint or direction of verdict — when Appellate Division power-less to reverse judgment upon law and hold that there was no evidence to establish cause of action — negligence — injury to child from stepping in front of mowing machine.*

Where in an action to recover for personal injuries, counsel for the defendant omit to move at the close of the evidence for a dismissal of the complaint or a direction of a verdict, thereby conceding that there was evidence which justified a submission of the case to the jury, the Appellate Division is powerless to reverse the judgment upon the law and hold as matter of law that there was no evidence in the case to establish plaintiff's cause of action.

*Luechinger* v. *Eichhammer*, 202 App. Div. 845, reversed.

(Submitted May 8, 1923; decided May 29, 1923.)

APPEAL from a judgment, entered January 16, 1923, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. It was alleged that the infant plaintiff in response to a direction by the driver of a mowing machine, in defendants' employ, stepped in front of the knives and struck the horse. Both horses started up, and the blade of the machine was brought into contact with the infant's foot, severely cutting and injuring it.

*Ralph G. Barclay* and *William V. Burke* for appellant.

*Albert A. Arnold* for respondent.

*Per Curiam.* This action was brought to recover damages for personal injuries. Defendants appeared separately. At Trial Term plaintiff recovered a verdict against both defendants. The defendant Reuther did not appeal therefrom. Defendant Eichhammer appealed to the Appellate Division, and that court reversed the judgment of the trial court as matter of law and dis-

missed the complaint. Upon the trial at the close of the evidence counsel for both defendants omitted to move for a dismissal of the complaint or a direction of a verdict, thereby conceding that there was evidence which justified a submission of the case to the jury. The Appellate Division was, therefore, powerless to reverse the judgment upon the law and hold as matter of law that there was no evidence in the case to establish plaintiff's cause of action. (*Murtha* v. *Ridley*, 232 N. Y. 488; *Caldwell* v. *Nicolson*, 235 N. Y. 209; *Eno* v. *Klein*, 236 N. Y. 543.) The record is barren of any meritorious exceptions taken to the admission of evidence on the trial.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to appellant in this court and the Appellate Division.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment accordingly.