CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgments affirmed, with costs.

---

FINCH, PRUYN & COMPANY, INC., Appellant, *v.* WILLIAM H. FAXON and Another, Defendants, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Third Department, January 7, 1925.

Partition — Adirondack forest land — land was sold in 1895 for unpaid taxes of 1892, and conveyed to State of New York — assessment of 1892 was against unoccupied premises — evidence established that land was occupied in 1892 — State's title is invalid.

The title of the State of New York to Adirondack forest land sought to be partitioned in this action is, under the evidence given, invalid since it appears that the land was sold in 1895 for unpaid taxes for the year 1892 and subsequently conveyed to the State; that the assessment of 1892 under which the tax sale was had was an assessment against non-resident land and that at the time of said assessment the land was occupied.

The land being occupied when it was assessed as unoccupied land, the assessment and sale thereunder were void according to the statute in force at that time.

APPEAL by the plaintiff, Finch, Pruyn & Company, Inc., from a judgment of the Supreme Court in favor of the defendant, The People of the State of New York, entered in the office of the clerk of the county of Essex on the 1st day of March, 1923, upon the decision of the court, rendered after a trial at the Essex Trial Term before the court without a jury, dismissing the complaint upon the merits and adjudging the said defendant to be the owner in fee simple absolute of the premises in question and that defendants Faxon have no right, title or interest in or to said premises.

*George N. Ostrander,* for the appellant.

*Carl Sherman, Attorney-General* [*Edgar V. Bloodough, Deputy Attorney-General,* of counsel], for the respondent.

COCHRANE, P. J.:

In the year 1881 Powell Smith died intestate owning lot No. 19 of the tract west of Road Patent, Essex county, N. Y., containing about 160 acres. Seven children survived him as his heirs at law. In the year 1920 they conveyed their interest in lot 19 to the defendant William H. Faxon from whom the plaintiff has derived an undivided one-seventh interest. The plaintiff brings this action to partition the property.

In December, 1895, the State Comptroller sold the property for unpaid taxes for the year 1892 and the purchaser at such tax sale in the year 1897 conveyed the property to The People of the State of New York, the respondent herein. Such respondent is made a party defendant in order to have its alleged title thus acquired declared invalid as against the claim of the plaintiff.

It was found by the trial justice in accordance with the evidence that the assessment of 1892 under which the tax sale was had was an assessment against non-resident land. It is the contention of the plaintiff that in the year 1892 lot 19 was occupied. If such be the fact the assessment and sale thereunder were void according to the statute in force at that time. (*Stewart* v. *Crysler,* 100 N. Y. 378; *People ex rel. Barnard* v. *Wemple,* 117 id. 77; *Joslyn* v. *Rockwell,* 128 id. 334, 340; R. S. pt. 1, chap. 13, tit. 2, §§ 1, 2, 3, as amd. by Laws of 1878, chap. 152.)

The evidence is undisputed that one Nichols, who lived on the adjoining lot 20 and died in 1896, exercised acts of possession over lot 19 until his death. There was no house on lot 19 after 1882, but several witnesses testified that they pastured cattle there as late as 1892 under agreements with Nichols and paid him therefor. There is undisputed evidence that Nichols cultivated and raised crops on lot 19 down to 1893 or 1894 and every year for several years until that time. It does not clearly appear how Nichols acquired the right of possession but there is some evidence tending to connect such right with Powell Smith during his life. If Nichols was not an occupant or in possession in the year 1892 it would seem that the heirs of Powell Smith who then were the owners of the property and who conveyed it as late as 1920 would have so testified which they have failed to do, although one of the sons of Powell Smith was a witness at the trial. The principal question litigated at the trial seems to have been the occupancy of the property in 1896 as bearing on the question whether there

was then an occupant to whom notice of redemption under the tax sale in 1895 should have been given (Tax Law of 1896, § 134), no such notice having been given. The court correctly disposed of that question by holding that there was at that time no such occupancy. But Nichols died in the year 1896, and the question of the occupancy of the property in 1892 when the assessment was made presents a very different question. It is to be observed that the Attorney-General leaves unanswered this contention of the plaintiff prominently made. On the new trial which we think must follow the facts in respect to the occupancy in 1892 may be developed more fully and satisfactorily, but on the record before us we think it must be held that the property was then occupied and that having been assessed in that year as non-resident land such assessment and the sale thereunder were void according to the authorities above cited.

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. The court disapproves the eighth finding of fact contained in the decision.

All concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event. The court disapproves of the eighth finding of fact contained in the decision.