In the Matter of the Application of CYRUS DUREY, Respondent, to Perpetuate the Testimony of TRUMAN J. WHITMAN, Respondent. The PEOPLE OF THE STATE OF NEW YORK, Appellant.*

Third Department, March 15, 1928.

**Depositions — proceedings under Civil Practice Act, article 31, to perpetuate testimony — petitioner claims that he is legal owner of wild forest lands to which State has void tax deeds — petition substantially complies with Rules of Civil Practice, rule 138 — allegation that petitioner and those under whom he claims have been in possession more than year meets requirements of Civil Practice Act, § 316 — not ground for denying petition that action is not pending or that petitioner might commence action to test title.**

The petitioner seeks to perpetuate testimony under the provisions of article 31 of the Civil Practice Act in reference to his title to certain wild forest lands of which he claims to be the owner. The petitioner contends that the State holds a void tax deed and that it will be necessary to perpetuate the testimony in order to establish that he is the true owner.

The petition is sufficient under rule 138 of the Rules of Civil Practice which requires a statement that the petitioner or those under whom he claims has been in possession of the property for more than one year claiming a fee or other title as required by section 316 of the Civil Practice Act. While the petitioner does not allege in detail the facts tending to show his possession, that is not necessary under the rule. It is sufficient to allege generally that the petitioner and those under whom he claims have been in possession for the required length of time. The lands are not in the physical possession of any one and, therefore, petitioner has the right to establish that the tax deeds are void, that he has the legal title and, therefore, the constructive possession.

The requirements of subdivision 3 of rule 138 of the Rules of Civil Practice to the effect that the petition must contain a general statement of the facts as to which testimony is to be taken and the circumstances rendering it necessary for the protection of the petitioner's rights that the testimony should be perpetuated, were complied with by the allegation that the petitioner seeks to perpetuate the testimony of a man eighty years of age who is in very feeble health and that

---

the witness was the owner of the premises in question and the predecessor in title of the petitioner and is acquainted with the facts in relation to the alleged void assessment and taxation under which the State claims title, and that his testimony will tend to prove that the tax title of the State is void.

While the petition might have been more definite in this respect still it does show a valid reason, based upon the age and health of the witness, why the testimony should be taken, and in view of the argument which went outside the record without objection it is apparent that each of the parties is well aware of the positions and claims of the others and that the State knows what facts the petitioner seeks to establish. Therefore, the petition is sufficient in this respect.

The fact that no action is now pending and that none is likely to be commenced by the petitioner or the State in which the testimony can be used is not a valid ground for denying petitioner's application.

The application will not be denied on the ground that the petitioner has a cause of action but has not begun the same nor shown a reason for his failure to do so. The petitioner does not choose to prosecute because he would not succeed against the State since his claim would be barred by the Statute of Limitations and the State admits that it will not prosecute since it would be impossible for it to succeed in an action against the petitioner. If it were necessary for the petitioner to give a reason for his failure to commence his action, a sufficient reason was given by him.

APPEAL by the People of the State of New York from an order of the Supreme Court, entered in the office of the clerk of the county of Fulton on the 1st day of December, 1927.

*Albert Ottinger, Attorney-General [C. S. Ferris, Assistant Attorney-General*, of counsel], for the appellant.

*Alfred D. Dennison,* for the respondent.

VAN KIRK, P. J. The proceeding was instituted on the petition of Cyrus Durey to perpetuate testimony of Truman J. Whitman under article 31 of the Civil Practice Act. The principal question presented is whether or not the petition states facts sufficient to justify the order.

This article, entitled "Perpetuation of testimony in real property actions," provides: " § 316. Application to take deposition and to perpetuate testimony. Where a person has been, or he and those under whom he claims have been, for one year in possession of real property or of an undivided interest therein, claiming it in fee, or for life, or for a term of years not less than ten, he may apply to the Supreme Court, by petition, to take the deposition of any person or persons and to perpetuate such testimony to be received in evidence pursuant to the provisions of this article." Section 320 requires the deposition taken to be signed and certified and filed in the office of the clerk of the county in which it was taken. The deposition or a certified copy thereof must be recorded in the clerk's office of the county in which the real estate is situated. Section 321 provides that the

testimony so taken and filed may be read in evidence by any party to an action or proceeding which shall involve the title to such real estate, but (§ 313) only in case the witness is deceased or is unable personally to attend. The purpose of this article 31 is to "perpetuate testimony" in order to protect the true owner of real property in his title when there is ground to apprehend that in the future its validity may be questioned. Quite frequently it happens that a valid title has been acquired by adverse possession and yet has no sufficient support in any public record of titles. A deposition taken under this article becomes a part of the record. Or, in the present case, where it is claimed that the State holds a void tax deed, testimony showing that the deed is void is necessary to protect the title of the true owner. To these two conditions and perhaps to others we think this article 31 applies.

Rule 138 of the Rules of Civil Practice directs what must be set forth in a petition duly verified. In our view the petition here presented substantially complies with the rule. There is no direct denial of any statement in the petition, nor is there any contradiction except in the affidavit of the Assistant Attorney-General, in which is set forth the substance of an interview between the petitioner and the deponent. Therein the petitioner stated to deponent that he understood that the State of New York claimed the lands described in the petition under certain tax sales, and that he desired to take the deposition of Whitman to establish that the lands were illegally assessed and the taxes illegally extended; the deponent stated that he understands the lands are wild, forest lands unoccupied, and the State claims title thereto under deeds following tax sales of 1890 and 1895; that the lands described are not in the possession of the petitioner. At the hearing on the petition the State moved to dismiss the application on the grounds, *first*, "that on the petition and affidavits, which are not disputed, it does not appear that the applicant has been in possession of the property for one year," or at any time; *second*, that the petition does not sufficiently state the question or questions concerning which applicant desires to examine Whitman; *third*, there are only two possible actions in which the depositions of Whitman, if taken, could be used: one "an ejectment suit to be maintained by the People of the State. No such action is contemplated;" the other an action under article 15 of the Real Property Law (§§ 500–512, added by Laws of 1920, chap. 930, as amd. by Laws of 1925, chap. 565). He further states that such an application as is here made should be denied when the applicant might have brought an action and has not without showing reason for not bringing one.

In the petition a description of the property is given and the

petitioner declares he is the owner thereof in fee by purchase; that the property is, and for over one year next preceding has been, in possession of petitioner and those under whom he claims as sole owner, claiming the same in fee. These statements as to the estate of petitioner in and his possession of the property are substantially in the language of the rule (138, subds. 1, 2) and are a sufficient statement of these facts to comply with the rule. (*Rochester R. Co.* v. *Robinson,* 133 N. Y. 242.) It is not necessary to set forth in detail the evidence which supports his conclusion of fact. Nor does the State dispute that the petitioner is the owner of the ground title. It is true the lands are wild, forest lands, not in the physical possession of any one, but constructive possession follows the legal title; it cannot arise upon a void conveyance. (*Johnson* v. *Elwood,* 53 N. Y. 431, 434.) The applicant claims to have the legal title and, if so, he and not the State is in constructive possession. The purpose of the testimony sought to be taken is to establish that he is the true owner and, therefore, in constructive possession; that the tax deeds to the State are void.

Subdivision 3 of rule 138 requires a general statement of the facts as to which testimony is to be taken and the circumstances which render it necessary for the protection of the petitioner's rights that the proposed testimony should be perpetuated. The petition states that Whitman was the owner of the premises in question and a predecessor in title of petitioner; he " is acquainted with the facts in relation to the assessment and taxation thereof at the time of the tax sale under which the State of New York claims title and is acquainted with facts in relation to said properties tending to render the title of the State of New York under such tax sales void; " that Whitman is eighty years of age, in failing health, and, in order to establish the petitioner's title, it is necessary to have his testimony. It would have been better had the petitioner set forth more definitely what are the facts which would tend to establish the invalidity of the State's tax deeds. But the requirement of the rule is to set forth a " general statement of the facts as to which testimony is to be taken," not the evidence or what it is expected to prove. The age of the witness is a sufficient reason why it is necessary to take the deposition. The argument went outside the record, but no objection was taken. It showed that the parties were each well aware of the position and claims of the other. The petitioner expects to show by his witness that, at the time of the assessment of the taxes and when the redemption period expired, these lands were occupied; that they were assessed as non-resident lands and no notices were given to the occupant; that he is the owner of the

ground title. If these facts are shown, the sales were illegal and the deeds given thereunder are void (*Finch, Pruyn & Co., Inc.,* v. *Faxon,* 211 App. Div. 621; *Joslyn* v. *Rockwell,* 128 N. Y. 334, 340), and petitioner is in constructive possession under a legal title. (*Johnson* v. *Elwood, supra.*) We think the petition is sufficient.

The State has argued that a deposition should not be taken (1) because no action is pending and none likely to be brought in which it can be used; (2) because petitioner has a cause of action and has neither begun an action nor shown reason for failure to do so. The first ground is not tenable. There is nothing in article 31 or in rule 138 indicating that, to justify the taking of the deposition, an action must be pending or is about to be brought. Other sections of the act (Civ. Prac. Act, art. 29, § 288 *et seq.*) provide for taking testimony in actions pending or immediately to be begun. As to the second ground: It is true an action could be brought by either party and the facts determined therein, but neither party intends to institute an action. Each attorney stated that his client would be at a disadvantage if made the plaintiff in an action. The Assistant Attorney-General said that, if the State brought the action, it would be defeated. The attorney for the applicant stated that, if his client brought the action, it would be barred by the Statute of Limitations. Assuming that the facts are as above stated each is right. The State could not succeed without the aid of the statute; the petitioner could not succeed against it. (*Cherrington* v. *South Brooklyn R. Co.,* 180 App. Div. 659, 664; *House* v. *Carr,* 185 N. Y. 453.) Section 132 of chapter 908 of the Laws of 1896 (former Tax Law), which is now section 132 of the Tax Law, contains a Statute of Limitations which is applicable to the facts here. Section 133 of the Tax Law, which also is derived from section 133 of chapter 908 of the Laws of 1896, put the Comptroller of the State into possession of wild, vacant, forest lands, to which the State holds title from a tax sale or otherwise, when he has advertised once a week for three successive weeks in one or more newspapers selected by him, giving notice that he is in possession thereof. It has been held that, after such advertisement, a person claiming title to lands which have been sold for taxes could bring an action against the Comptroller and thus have his day in court and the statute thereupon began to run in favor of the State. In the papers before the court no mention is made by either party of such advertisement by the Comptroller, but the Comptroller's advertisement, which we presume covered the lands in question, was in fact published in 1894. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303.) If so, the Statute of Limitations in section 132 of the Tax Law had

long since run against the applicant when section 512 of the Real Property Law was enacted. It has been held that the Statute of Limitations can be used as a shield, but not as a sword; that it is available to defend the title of an owner in possession, actual or constructive, but it cannot be availed of by a plaintiff as against such owner in possession. (*Cherrington Case, supra; Ostrander* v. *Bell,* 199 App. Div. 304, 312; affd., 234 N. Y. 566; *People ex rel. McGuinness* v. *Lewis,* 127 App. Div. 107.) The petitioner thus does not choose to prosecute. If he is called upon to give a reason for his choice we think he has given it. Perhaps the petitioner could succeed as a plaintiff against the State if evidence is furnished that the lands were occupied at the expiration of the redemption period and for two years thereafter and that the notice required to be given to the occupant within that time was not given (*People* v. *Witherbee* [*Prime*], 199 App. Div. 272), but it is not necessary to decide this.

The State will have full opportunity to cross-examine the witness, and, since it is unwilling to bring an action to determine the title to this real estate, we think it may not defeat the taking of testimony which may disclose the truth concerning its title.

The order should be affirmed.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.