MAY K. ATKINSON, Respondent, *v.* BENJAMIN H. SANDERS et al., Copartners under the Name of FRANK A. SEAVER & Co., Appellants.

(Submitted December 7, 1928; decided December 31, 1928.)

*Walter L. Durack* for appellants. There was no contract for the sale of real property, but merely a receipt for a deposit taken from a salesman in the employ of the defendants, with authority to negotiate a sale only and whose limited authority was known to the respondent. (*Tobias* v. *Lynch,* 192 App. Div. 54; *Coleman* v. *Garrigues,* 18 Barb. 60; *Lee* v. *Lloyd,* 111 Misc. Rep. 411; *Teitz* v. *Gaettler,* 191 App. Div. 924; *Roach* v. *Coe,* 1 E. D. Smith, 175; *Metropolitan Aluminum Mfg. Co.* v. *Lau,* 61 Misc. Rep. 105.)

*John W. Van Gordon* and *Charles J. Gardella* for respondent. There is a sufficient memorandum for the sale of real property. (*Wertheimer* v. *Boehm*, 241 N. Y. 575; *Miller* v. *Tuck*, 95 App. Div. 134.)

KELLOGG, J.   The complaint alleged the making of an agreement by the parties whereby the defendants promised to sell and the plaintiff promised to buy certain real estate upon terms stated; a refusal of performance by the defendants; an incurrence of substantial damages by the plaintiff. The answer denied the allegations of the complaint. Upon the trial, these facts appeared: The defendants, who were real estate brokers, had in their service a sales agent named Harrington.   This agent conducted negotiations with the plaintiff for the sale of a parcel of real estate which was owned, not by the defendants, but by a customer who had listed the property with them for sale.   At the conclusion of the negotiations the plaintiff delivered to Harrington a check for fifty dollars.   Harrington thereupon signed the name of the defendants' firm to a writing and delivered the same to the plaintiff. The words of the writing were: " Received from M. K. Atkinson, Fifty D.   Deposit on purchase of plot S. S. 82 St. 220 E. Colonial Rd. 40 x 100.   Price $3800.   Cash $1000 — Balance in 1st Mtg. for one year or less." Before a formal contract for the sale of the land had been entered into, the defendants' customer, the land owner, contracted to sell it to third persons.   It thus became impossible for the defendants to procure a conveyance of the land to be made to the plaintiff.   Accordingly they tendered to the plaintiff a return of the fifty dollars paid. No proof was given that Harrington was authorized to execute, on behalf of the defendants, a memorandum of sale, and to deliver the same to the plaintiff.   No inference lay that such a power had ever been conferred.   The defendants, not being the owners, could not themselves have made the sale.   Having no such power, it could not

be supposed that they intended to invest an agent with apparent authority to make a binding contract of sale in their name. However, the defendants neglected, at the close of the entire case, to make a motion for a dismissal of the complaint. In effect, they thereby conceded that a question of fact was presented for submission to the jury. (*People* v. *Davis*, 231 N. Y. 60.) Moreover, they neglected to make the point that in no event could the plaintiff recover a greater sum than nominal damages. (*Northridge* v. *Moore*, 118 N. Y. 419.) Accordingly, the trial judge submitted the facts to the jury and charged them that if, upon the merits, the plaintiff should prevail, she would be entitled to a recovery of damages, based upon the difference between the market value of the land and the selling price named in the contract. To this charge the defendants did not except. The jury brought in a verdict awarding substantial damages to the plaintiff. For the reasons stated the complaint may not now be dismissed. However, the defendants did request the trial court to charge the jury that there was no evidence that Harrington had authority to execute contracts in their name. The request was obviously correct. It was nevertheless refused, and an exception was taken. Therefore a reversal must follow.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgments reversed, etc.