FRANK TUBIOLA, Respondent, v. ALBERT H. BAKER, Appellant.

Fourth Department, March 13, 1929.

*Charles B. Bechtold*, for the appellant.

*Lynn Brothers* [*William F. Lynn* of counsel], for the respondent.

EDGCOMB, J.   This action is brought to recover damages claimed to have been sustained by the plaintiff because of the failure of the defendant, who was sheriff of Monroe county, to execute an order, made pursuant to the provisions of section 985 of the Civil Practice Act, requiring him to put the plaintiff into possession of certain real property which he had purchased upon a foreclosure sale, the possession of which had been withheld from him

It is conceded that the defendant neglected and refused to execute this order unless he was given an indemnity bond, and that he persisted in such refusal until a subsequent order, compelling him to perform his duty, was affirmed by this court. (*Matter of Tubiola*, 222 App. Div. 790.)

The trial court held that there was no justification for the refusal of the defendant to execute the original order, and that he was liable for all damages occasioned by reason of his failure to act. With this holding we are in full accord.

Plaintiff swore two real estate brokers as to the fair rental value of the property.   Defendant called no witnesses upon that subject, and the testimony of plaintiff's experts stood uncontradicted.   At the close of the evidence respondent moved for a direction of a verdict for $502, the total rental value of the entire property during the entire period that the defendant failed to execute the writ, based on the lowest estimate given by plaintiff's experts, and plaintiff's disbursements incurred in moving furniture from said premises.   This motion was granted, and a verdict was directed accordingly.   Defendant duly excepted.

While it must be held that the defendant was liable, as a matter of law, for all damages sustained by the plaintiff because of defendant's failure to act, the amount of such damage should have been determined by the jury rather than by the court.

The rule is well settled that the weight to be given to opinion evidence is, within the bounds of reason, entirely for the determination of the jury.   Such testimony is advisory only, and the jury is not bound to take it at its face value.   The jury cannot be compelled, as a matter of law, to arbitrarily accept the conclusions of expert witnesses as to value. (*The Conqueror*, 166 U. S. 110; *Head* v. *Hargrave*, 105 id. 45; *Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.*, 124 App. Div. 896; affd., 196 N. Y. 502; *Matter of*

*Ellis*, 176 App. Div. 425, 429; *Jetter* v. *Zeller*, 119 id. 179; *Charman* v. *Tatum*, 54 id. 61; affd., 166 N. Y. 605; *Weaver* v. *Scripture*, 125 Misc. 741; affd., 214 App. Div. 852; *Schlesinger* v. *Dunne*, 36 Misc. 529, 531.)

In the instant case neither of plaintiff's witnesses had been through the entire property; neither had seen it during the summer of 1927, when plaintiff was deprived of its possession. Neither was positive as to the rent the property would bring. Both constantly used the words " about," " I think," " something like that," " more or less." The weight to be given to their evidence was peculiarly for the jury. That tribunal was not bound to accept the opinion of these experts at its face value, but could have taken it for what it was worth. The jury was entitled to exercise its own independent judgment, and should not have been compelled to arbitrarily and blindly adopt the estimate of either of these experts.

I think that the court erred in fixing the amount of damages for another reason. Plaintiff was entitled to recover only such loss of rent as was occasioned by the failure of the defendant to execute the writ. If he lost any rent during this period for any other cause, that could not be considered here. In directing the verdict, the court assumed that the plaintiff could have rented the entire building during all the time he was kept out of possession. There is considerable doubt about that proposition. There were two stores and seven apartments. The property was filled with old furniture. The evidence shows that it needed cleaning, painting and papering, and one witness says that the property could not have been rented until that had been done. That would have taken time. It is not always possible to fill up vacant property on the spur of the moment. The jury could well have found that the plaintiff did not lose the rental value of the entire building during all these months by reason of the act of the sheriff. The court had no right to take that question from the jury.

I think that the judgment appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.