PETER COLELLA, Respondent, *v.* SMITH-FREDENBURG CORPORATION, Appellant.

Fourth Department, November 10, 1933.

*Johnson & Searle* [*Luel F. Johnson* of counsel], for the appellant.

*Dutcher Brothers* [*Henry R. Dutcher* of counsel], for the respondent.

THOMPSON, J. Plaintiff has recovered a judgment of $1,745 against defendant for the breach of an implied warranty of fitness for the particular purpose for which defendant knew plaintiff purchased a " Model 37 B Selden truck," the purchase being effected by the usual written contract of sale, in which plaintiff directed defendant to enter his order for the truck under its trade name, as above set forth, and which defendant accepted. The contract also contained the following: " It is mutually agreed that there are no agreements or conditions pertaining to this order not stated herein."

Subdivision 4 of section 96 of the Personal Property Law provides: " In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose." It is clear that this was such a contract, and it follows that there is no implied warranty of fitness of the truck for any particular purpose to be inferred from it. (*Bareham & McFarland, Inc.*, v. *Kane*, 228 App. Div. 396.)

The holding in *Kelvinator Sales Corp.* v. *Quabbin Imp. Co., Inc.* (234 App. Div. 96) does not run contrary to the conclusion we reach here. In that case the plaintiff sued the defendant for the unpaid purchase price of Kelvinators and the defendant counterclaimed alleging the breach of an implied warranty. Upon the trial, evidence offered by defendant to show that the refrigerators were not fit for the purpose for which they were intended, thereby rendering them unmerchantable, was excluded. In reversing the judgment and ordering a new trial, on the ground that this ruling was error, the court held that notwithstanding the provisions of subdivision 4 of section 96 of the Personal Property Law there was an implied warranty that the refrigerators were " of merchantable quality " under the express exception contained in subdivision 2 of section 96 of the Personal Property Law, which reads as follows: " Where

the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality." At the most, the case holds that the statute in terms saved to the contract there in suit an implied warranty that the goods sold under it were " of merchantable quality." There is no proof in the case at bar that the truck was unmerchantable, so as to bring it within the provisions of the exception of the statute above quoted and discussed.

The case was tried and submitted upon an improper theory. The judgment cannot be sustained upon the proofs, and must be reversed. (*Spencer* v. *Hardin*, 149 App. Div. 667.) We cannot dismiss the complaint, defendant having omitted to move at the close of the case for a dismissal of the complaint or for a direction of a verdict. (*Eno* v. *Klein*, 236 N. Y. 543.) A new trial must, therefore, be ordered.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.