COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant, v. HARRY A. ROMAN, Respondent.

(Submitted December 13, 1935; decided January 8, 1936.)

*William Lurie* and *Elliot W. Isaacson* for appellant. The extension of the maturity date of the bond and mortgage discharges the mortgagor only to the extent of the value of the real property at the time the extension was given; the question as to such value was properly submitted to the jury. (*Feigenbaum* v. *Hizsnay*, 187 App. Div. 126; *Freedlander* v. *Wilson*, 187 App. Div. 919; *Brockport Holley Water Co.* v. *Village of Brockport*, 203 N. Y. 399; *Baldel* v. *Berko*, 144 N. Y. Supp. 10; *Gillan* v. *O'Leary*, 124 App. Div. 498; *Schweinburg* v. *Altman*, 145 App. Div. 377; 207 N. Y. 681; *Tubiola* v. *Baker*, 225 App. Div. 420; *Matter of City of Rochester*, 234 App. Div. 583; *Hirsch* v. *Schwartz & Cohn*, 256 N. Y. 7; *Atkinson* v. *Sanders*, 250 N. Y. 170; *Eno* v. *Klein*, 236 N. Y. 543.)

The agreement did not effect an extension of the final installment of principal under the bond. As to this installment, there is nothing in the record showing a discharge of the defendant, and the jury's verdict in that sum is proper. (*Cohn* v. *Spitzer*, 145 App. Div. 104; 207 N. Y. 738; *Federal Land Bank* v. *Shoemaker*, 147 Misc. Rep. 308.)

*John E. Booth* and *William C. Morris* for respondent. The agreement extending the date of payment of the mortgage discharged defendant to the extent of the value of the land. (*Murray* v. *Marshall*, 94 N. Y. 611; *Ducker* v. *Rapp*, 67 N. Y. 464; *Jester* v. *Sterling*, 25 Hun, 344; *Syracuse Trust Co.* v. *First Trust & Deposit Co.*, 141 Misc. Rep. 603; *Metzger* v. *Nova Realty Co.*, 214 N. Y. 26; *White* v. *Augello*, 254 N. Y. Supp. 228.) The agreement was an extension of the principal remaining due and not of unpaid installments. (*Gillet* v. *Bank of America*, 160 N. Y. 549.)

FINCH, J. This is an appeal by the plaintiff from an order and judgment of the Appellate Division, first department, which directed that a money judgment theretofore entered in favor of the plaintiff and against the defendant, after a trial before a judge and jury, be reversed and the complaint dismissed.

The complaint is by an assignee of a mortgage bond executed by the defendant to recover the principal sum of $13,000, with interest.

The defendant purchased certain real property for $275,000 and took the property subject to a first mortgage for $180,000 and a second mortgage, being a purchase-money bond and mortgage, for $70,000. Subsequently the defendant sold the property, subject to these mortgages. Through various mesne conveyances the title to the fee came to one Misrok. The purchase-money second mortgage was payable in semi-annual installments of $5,000 each, the first installment to be paid January 1, 1924, which made the last installment payable July 1,

1930. The bond also contained a provision for the acceleration of the unpaid principal at the option of the holder of the bond, after default, among other things, in the payment of an installment.

On July 1, 1929, one Dora Floersheimer was the owner of the bond and second mortgage and Israel Misrok was the owner of the mortgaged premises. Prior to this date $55,000 of the principal sum and accrued interest had been paid by the various grantees of the defendant, leaving the sum of $15,000 due upon the second mortgage. On July 1, 1929, there became due an installment of principal in the sum of $5,000. Misrok failed to pay that installment on its due date, but on August 5, 1929, paid $2,000 on account of this installment and all accrued interest, leaving a balance of $13,000 of the principal sum. In October, 1929, Dora Floersheimer, still being the owner of the bond and mortgage, entered into a written agreement with Misrok which recited that the balance then due and unpaid upon said mortgage, with interest from July 1, 1929, was $13,000, and extended the payment thereof until July 1, 1930. As a part of the same transaction the plaintiff herein executed a surety bond to Dora Floersheimer in the sum of $15,000, conditioned for the payment of any deficiency which may arise " in the event of the foreclosure of said mortgage by reason of the default on the part of the principal to pay the amount due on maturity of said mortgage as provided therein in accordance with the terms, covenants and conditions thereof." The property having been sold under foreclosure of the first mortgage and apparently not having brought sufficient to pay any part of the $13,000 remaining due on the second mortgage and the plaintiff having paid under its surety bond, this action was instituted on the mortgage bond against this defendant.

The answer of this defendant set up what purported to be six separate defenses. These defenses are, to a great extent, repetitious and substantially set forth but one

alleged defense, namely, that the defendant had been discharged because the maturity date of the mortgage bond and mortgage had been extended and that the value of the real property at the time of the extension was in excess of the amount of the mortgage then on the property, and hence the defendant as mortgagor was discharged because his right of subrogation against the mortgaged premises had been delayed.

At the trial of the case there was no difference between the parties as to the proper rules of law to be applied in the following particular, namely, that if at the time the extension was granted the value of the real property was in excess of the amount of the combined mortgages thereon, then this defendant was discharged from liability on his bond. If, on the other hand, the value of the land was less than the amount of the combined mortgages, then this defendant remained liable to the extent of this difference. (*Murray* v. *Marshall*, 94 N. Y. 611.) The learned trial court in his charge to the jury properly submitted the case with reference to both these rules of law. No motion was made by the defendant at the close of the plaintiff's case, or at the close of the whole case, for a dismissal of the complaint or for a directed verdict in favor of the defendant; nor was there any objection on the part of the defendant to the submission of the issues for decision by the jury. The only testimony bearing on the value of the premises had been that of two experts, who testified on behalf of the defendant that the value of the land exceeded the value of the combined mortgages. This question of value was submitted to the jury in the charge of the court. The jury was expressly charged that it was not bound by the testimony as to value. In this charge the defendant acquiesced.

The jury returned a verdict in favor of the plaintiff in the sum of $5,000. Upon appeal to the Appellate Division that court reversed the judgment entered upon the verdict of the jury and directed judgment in favor of

the defendant dismissing the complaint upon questions of law. Specifically, the Appellate Division held that the defendant had established by undisputed testimony that the value of the mortgaged premises was greater than that of the combined mortgages thereon, because the testimony of two real estate experts was uncontradicted. Assuming that fact to be established, they further held that the agreement extending the due date of the mortgage without the consent of the mortgagor discharged him from liability on the mortgage bond.

There is no dispute as to the correct principles of law to be applied to the facts in the case at bar. If at the time the extension of the due date of the mortgage was granted the value of the real property was in excess of the amount of both mortgages thereon, then the mortgagor was discharged from liability on his bond. As a corollary if the value of the land at the time of the extension of the due date of the mortgage was less than the amount of the mortgages on the property, then the mortgagor remained liable to the extent of this difference. (*Murray* v. *Marshall, supra.*)

The only question upon this appeal is whether these principles were correctly applied to the facts in the case at bar.

The issue as to the value of the mortgaged premises at the time of the execution of the extension agreement presented a question of fact for determination by the jury. The burden of alleging and proving that the value of the real estate at this time was equal to or in excess of the value of the combined mortgages was assumed by the defendant. The latter called two real estate experts, each of whom testified that the value of the property was substantially in excess of the mortgages. Even though no testimony was offered by the plaintiff to contradict the testimony of these experts, it was still within the province of the jury to reject their testimony altogether. The weight to be given to opinion evidence ordinarily is

entirely for the determination of the jury. (*The Conqueror*, 166 U. S. 110; *Head* v. *Hargrave*, 105 U. S. 45; *Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.*, 124 App. Div. 896; affd., 196 N. Y. 502; *People ex rel. Third Ave. R. R. Co.* v. *Tax Commrs.*, 212 N. Y. 472; *Tubiola* v. *Baker*, 225 App. Div. 420.) In the case at bar, however, it also appears that the testimony of these experts was greatly weakened upon their cross-examination. One knew of no sales in the neighborhood within a reasonable time and while endeavoring to base his testimony upon his estimate of rental income, had no knowledge of the amount of the rent roll nor did he go over the building prior to making his appraisal. Moreover, his testimony showed that the defendant had been a client of his office for several years and that because of his friendship with the defendant he was neither asking nor receiving any fee for his testimony. The other expert also did not rely on sales within the neighborhood and he too did not know the amount of the rent roll and had been friendly with the defendant for a number of years. Moreover, while no experts were called in opposition, the jury had before it facts which bore upon the value of the premises, namely, a description of the property, testimony as to the activity of the neighborhood with respect to sales of real property and the age of the building. They also had before them the fact, for whatever weight they cared to give to it, that the mortgagee upon granting the extension had secured a surety company bond in the amount of the mortgage to pay any deficiency. In view of the foregoing, it cannot be said that the verdict of the jury that the premises were worth less by $5,000 than the amount of both mortgages had no evidence to support it or was against the weight of the evidence.

It also appears that on all the above points the trial court charged the jury, without exception from the defendant. Under such circumstances the defendant was

bound by the charge and has in legal contemplation conceded its propriety, since he did not object thereto. (*Hirsch* v. *Schwartz & Cohn*, 256 N. Y. 7; *Atkinson* v. *Sanders*, 250 N. Y. 170, 172; *Eno* v. *Klein*, 236 N. Y. 543.)

It follows that the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.