HELEN HARTMAN, Individually, and as Executrix, etc., of MAURICE HARTMAN, Deceased, Appellant, v. JOSEPH P. DAY and GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, Respondents, and J. A. WIGMORE LAND COMPANY, Intervening Defendant, Respondent, and Others, Defendants.— In an action to enforce a vendee's lien by reason of the failure to make certain improvements contracted to be made, order denying plaintiff's motion for summary judgment reversed, on the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and judgment directed in favor of plaintiff impressing upon the lots contracted to be sold a lien for the total of the installments paid by her and her assignor on account of the purchase price and interest thereon, plus payments made by her and her assignor for taxes and assessments, together with interest on all such payments from the dates they were made, less the sum of $6,000 already paid to plaintiff with interest thereon from the date of payment; excepting, however, that the deficiency judgment, if any, to be entered after the sale of the lots shall be against defendant Joseph P. Day and defendant J. A. Wigmore Land Company. The interest, if any, of defendant Guaranty Trust Company of New York in the lots is to be foreclosed, but no money judgment is rendered against it as trustee or otherwise. The matter is remitted to the Special Term to ascertain the amount of plaintiff's lien and to enter judgment in accordance with this decision. Defendants have not shown facts sufficient to entitle them to defend. Both defendants

J. A. Wigmore Land Company and Day are liable because under the agency agreement E. A. White Organization, Inc., which entered into the contracts with plaintiff's assignor, was employed to market the land as the joint selling agent of the land company and the syndicate and it acted on their behalf. In any event, the documents which set forth the relations and rights of the defendants clearly show the existence of a joint venture between the land company and the syndicate (of which defendant Day was one of the members and managers). Defendant Guaranty Trust Company had no interest in the venture. In consideration of prescribed fees it merely acted as the clearing house for all interested parties. In a joint venture the acts of one within the scope of the venture are binding upon the other. Therefore, it would be immaterial as between the joint venturers—the syndicate and the land company — whether the one or the other was the principal or owner of the land. By reason of the failure to make the improvements recited in the contracts, defendants breached the agreements with plaintiff's assignor and plaintiff is entitled to a vendee's lien. While plaintiff in her complaint demanded rescission or specific performance, she has waived her claim for such relief. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.