124

In the Matter of the Application of THE CITY OF NEW YORK, Acting by and through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Lands, Lands under Water and Lands under Water Filled in, That Are Not Now Owned by The City of New York, Together with the Riparian, Franchise, and Incorporeal Rights Appurtenant to Such Lands Situated Along the Northerly Shore of Jamaica Bay, in the Boroughs of Brooklyn and Queens, in the City of New York, between the Westerly Side of Byrne Place, at Canarsie, in the Borough of Brooklyn, and the Westerly Side of Right of Way of Long Island Railroad (Rockaway Division) at Hamilton Beach, in the Borough of Queens, for the Improvement of the Waterfront of the City of New York, Pursuant to a Plan Heretofore Determined upon by the Commissioner of Docks and Approved by the Commissioners of the Sinking Fund. (Parcel 10.)

HARRY A. HANBURY, Claimant, Appellant; THE CITY OF NEW YORK, Respondent.

Second Department, February 26, 1937.

*Leon Sacks* [*Joseph B. Schwartz* and *Frank R. Rubel* with him on the brief], for the appellant.

*Alfred D. Jahr* [*Paul Windels, Corporation Counsel, Paxton Blair* and *Charles Bisberg* with him on the brief], for the respondent.

PER CURIAM. Pursuant to chapter 378 of the Laws of 1897 (Greater New York Charter), as amended, the city of New York, for the purpose of improving its waterfront, instituted this proceeding to acquire title to certain lands and lands under water, with franchises and other rights appurtenant thereto, along the north shore of Jamaica bay. The Special Term made a third separate and partial final decree adjudging, in part, that the appellant has no title, by adverse possession or otherwise, to certain of the lands, vacating and setting aside an award theretofore made to him, and adjudging that title thereto is in the city of New York as successor in interest to the town of Brooklyn. From such parts of that decree as affect the appellant and his property, this appeal is taken.

Appellant asserted title by adverse possession under color of title. He failed to show occupation and possession as defined in sections 37 and 38 of the Civil Practice Act. (*Ostrander v. Bell*, 199 App. Div. 304, 312; affd., 234 N. Y. 566.) Respondent established title in itself at the time of the taking by evidence which was received without objection and which must, therefore, be considered, whether competent or incompetent. (*Matter of Findlay*, 253 N. Y. 1, 11; *Flora v. Carbean*, 38 id. 111, 113.) The evidence was uncontradicted, and it was for the trier of fact to accept or reject the conclusion drawn by the witnesses from the facts disclosed by their investigations of the title. (*Commercial Casualty Ins. Co. v. Roman*, 269 N. Y. 451, 456; *Dougherty v. Milliken*, 163 id. 527, 533; *Kelly v. Wills*, 116 App. Div. 758, 761.) Respondent was not estopped from asserting title to the damage parcel (*Hopwood Plays, Inc., v. Kemper*, 263 N. Y. 380, 384), and the order in an earlier proceeding involving a related damage parcel was not *res judicata* between the parties. (*McAneny v. N. Y. C. R. R. Co.*, 238 N. Y. 122, 129; *Schuylkill Fuel Corp. v. Nieberg Realty Corp.*, 250 id. 304, 307.)

The third separate and partial final decree, in so far as an appeal is taken, should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and TAYLOR, JJ.

Third separate and partial final decree, in so far as an appeal is taken, unanimously affirmed, with costs.