In the Matter of the Application of MAURICE CALLAHAN and Others, a Copartnership Trading as the RAQUETTE LAKE SUPPLY COMPANY, to Perpetuate the Testimony of SCHUYLER KATHAN, RICHARD J. COLLINS, DENNIS DILLON and MAURICE CALLAHAN.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant; MAURICE CALLAHAN and Others, a Copartnership Trading as the RAQUETTE LAKE SUPPLY COMPANY, Respondents.

Third Department, July 2, 1941.

*John J. Bennett, Jr.,* Attorney-General [*Henry Epstein,* Solicitor-General; *A. C. Taylor* of counsel], for the appellant.

*Cross & Foley* [*J. Theodore Cross* and *Francis C. Steates* of counsel], for the respondents.

HEFFERNAN, J. The only question involved on this appeal, and in the companion case of *Matter of St. William's Church, Raquette Lake, N. Y.* (262 App. Div. 931), submitted to the court at the same time and decided herewith, is the allowance of costs.

Respondents presented to the Supreme Court a petition to perpetuate the testimony of certain persons therein named relative to the title and possession of real estate therein described pursuant to the provisions of article 31 of the Civil Practice Act. A like petition in the companion case was presented at the same time.

The petition, in each instance, alleged that respondents had been in possession of such real estate for one year preceding the institution of the proceeding. Upon the presentation of the petitions the court made an order directing that notice of the time and place when the applications would be heard should be given to the Attorney-General of the State.

Upon the return day the appellants appeared by the Attorney-General and filed affidavits denying that respondents are the

owners, or in possession, of the premises described in the petitions, denied the right of respondents to perpetuate the testimony of the proposed witnesses and also asserted that appellants are the owners of the premises in dispute. The court thereupon appointed a referee to take and report the testimony on the issues raised by the petitions and affidavits.

The appellants reviewed in this court the orders appointing a referee, contending that the court below had no authority to make them. This court (258 App. Div. 766) unanimously affirmed the orders in question.

After proof was taken before the referee the court determined the issues raised in favor of respondents, made orders permitting the perpetuation of the testimony desired and awarded costs and disbursements to respondents as in one action. The appeal is only from so much of the orders as grants costs.

Appellants contend that a proceeding to perpetuate testimony is neither an action nor a special proceeding and that consequently the court was without power to award costs against them.

The term " action " is not synonymous with the term " proceeding " nor are the terms convertible.

The Civil Practice Act (§§ 4 and 5) provides that an ordinary prosecution in a court of justice by one person against another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense is an action, and that every other prosecution by a party for any of the purposes above specified is a special proceeding. Section 46-a of the General Construction Law provides that every prosecution by a party against another party in a court of justice which is not an action is a special proceeding.

A civil action is commenced by the service of a summons. (Civ. Prac. Act, § 218.) A special proceeding is instituted by petition and notice of motion on a notice of eight days unless a shorter time is prescribed by an order to show cause which rests in the discretion of the court. A special proceeding and a motion have sometimes been confused. The difference between them is that the one is an application in a proceeding already pending or about to be commenced, on which it depends for jurisdiction, while the other is an independent prosecution of a remedy, in which jurisdiction is obtained by original process. A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy.

Remedies are divided by the Civil Practice Act into actions and special proceedings. The proceeding before us clearly is not an action, nor is it claimed to be; neither is it a motion. Therefore,

what is it? It has all the elements of a litigation in a court of justice. It is a proceeding in court by which respondents are pursuing a remedy which the law affords them. We entertain not the slightest doubt that it must fall into the category of a special proceeding and that costs were properly allowed.

Article 31 of the Civil Practice Act makes no specific provision for costs. Section 1492 of the same act, however, provides that costs in a special proceeding in a court of record, where the costs thereof are not specially regulated in the act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action in the same court.

In the orders appealed from the court exercised its discretion in favor of respondents and awarded them costs at the rates allowed for similar services in an action.

In *Matter of Durey* (223 App. Div. 70; affd., 248 N. Y. 594), a proceeding instituted for the identical relief sought here, this court and the Court of Appeals awarded the respondent costs against the same appellants. On the prior appeal to this court from the orders appointing a referee we awarded costs to respondents on the affirmance of the orders. (258 App. Div. 766.)

There is another consideration which confirms our view that this is a special proceeding. An appeal may be taken to this court only from a judgment or order in an action or a special proceeding. (Civ. Prac. Act, §§ 608–611, 631.) Concededly the proceeding before us is not an action. Therefore, if it is not a special proceeding, as appellants contend, this court had no jurisdiction to review the determination of the court below, and the final order is binding upon them. To adopt that view would be to hold that this court and the Court of Appeals usurped jurisdiction in *Matter of Durey (supra)*.

On the hearing before the referee the parties stipulated in open court that the referee should engage the services of a stenographer and that the fees of the latter should be added to those of the referee and taxed accordingly. Stenographer's fees are taxable when the parties have agreed that they may be taxed as disbursements. (*Matter of French*, 181 App. Div. 719; affd., 224 N. Y. 555.) The Deputy Attorney-General who appeared for appellants now seeks to avoid the effect of this stipulation on the ground that it is not in writing. The stipulation was made in open court and may not now be repudiated.

The order appealed from should be affirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.