■ N. V. SIMONS' METAALHANDEL, Appellant, v. ASSOCIATED METALS & MINERALS CORP. OF NEW YORK et al., Respondents.— Judgment dismissing complaint unanimously reversed, on the law and on the facts, and new trial granted, with costs to abide the event. Appeal from order, entered on June 15, 1960, dismissed as academic. There was an issue of fact as to the quantity of the steel covered by the contract. The metal plates were owned jointly by all three defendants, and, on the record here, it was error to hold as a matter of law that the contract was not authorized by and binding upon the defendants Associated Metals & Minerals Corp. of New York and Michael Flynn, Inc., as joint adventurers in the sale thereof. "In a joint venture the acts of one within the scope of the venture are binding upon the other" (*Hartman* v. *Day*, 249 App. Div. 786). "The promise of one [coadventurer] is the promise of all, and all are obligated thereon. If the plaintiff is able to establish * * * that they were coadventurers, then the obligation of one becomes the obligation of all" (*Reeve* v. *Cromwell*, 227 App. Div. 32, 36). (See, further, 48 C. J. S.; Joint Adventurers, § 14.) The trial court struck out certain testimony of Krasnov (one of plaintiff's expert witnesses), bearing upon the value of the quantity of steel plates alleged not to have been delivered by defendants pursuant to their contract. Thereupon, in dismissing the complaint, the trial court gave as a specific ground for the dismissal the alleged failure of plaintiff to submit any competent proof of his damages. It appears, however, that the Trial Judge unduly restricted the plaintiff's alleged expert witnesses in the matter of testimony relevant upon the value of the steel plate. Furthermore, in our opinion, it was error to strike the testimony of the witness Krasnov. The said witness did qualify as an expert in the matter of the buying and selling and with respect to the value of steel plates, including plates of the particular kind and quality here involved. It is true that certain of his testimony may have been irrelevant and that the effect of his testimony was in some

respects weakened upon cross-examination. His testimony as a whole would, however, support a finding as to damages, and it was for the jury to weigh and evaluate the same. (See *Commercial Cas. Ins. Co.* v. *Roman*, 269 N. Y. 451.) On the whole case, including the testimony of Krasnov, there was sufficient evidence requiring submission to the jury of the question of damages (see 2 Clark, New York Law of Damages, §§ 797, 804, 805, 809) and it was error not to dismiss the complaint on the stated ground. Concur — Botein, P. J., Rabin, McNally, Eager and Bastow, JJ.