EZRA FELLOWS *against* JOHN FELLOWS.

An injunction is never granted against persons who are not *parties* to the suit.

UPON the coming in of the defendant's answer, *Foot*, for the defendant, moved to dissolve the injunction which had been issued in this cause, on the ground, that the answer denied the equity of the bill, and especially, that the injunction ought to be dissolved as against *Martin Adsit, Raymond Adsit*, and *Jesse Adsit*, who were no parties to the bill, and who were enjoined from the payment of certain notes given by them to the defendant. He cited 7 *Ves.* 257. *Iveson* v. *Harris.*

*March 29th.*

*Huntington,* contra.

THE CHANCELLOR. The doctrine in the case cited, is correct and applicable. " I find," said Lord *Eldon*, " the Court has adhered very closely to the principle, that you cannot have an injunction, except against a party to the suit. Upon a review of all the cases, I think the practice of granting an injunction against a creditor, who is not a party, is wrong. The Court has no right to grant an injunction against a person whom they have not brought, or attempted to bring, before the Court, by *subpœna.* I have no conception, that it is competent to this Court to hold a man bound by an injunction, who is not a party in the cause, for the purpose of the cause." I shall, accordingly, dissolve the injunction as against those persons who were not made parties to the suit. A purchaser was restrained, in the case of *Green* v. *Lowes,* (3 *Bro.* 217.) from paying

1819.        the purchase money, on a bill by the creditors of the vendor,
             but the purchaser was made a party.