MARTENS (PETERS v.). See Case No. 11,-031.

---

## Case No. 9,143.

### In re MARTER.

[12 N. B. R. (1875) 185.] [1]

District Court, E. D. Michigan.

BANKRUPTCY—GENERAL ASSIGNMENT—FRAUD ON
CREDITORS—INJUNCTION—ATTACHMENT
FOR CONTEMPT.

1. Where a general assignee for the benefit of creditors had been enjoined from disposing of the property of the bankrupt, and after service of the injunction had made a sale of the assigned property, a motion for an attachment for contempt was denied: (1) Because, under the case of Langley v. Perry [Case No. 8,067], general assignment for the benefit of creditors is held in this circuit, not to be necessarily in fraud of the bankrupt act [of 1867; 14 Stat. 517]. (2) Because the district court had no power to determine the validity of the assignee's title by summary proceedings.

[Cited, but not followed, in Re Sims, Case No. 12,888. Cited in Re Litchfield, 13 Fed. 866; Bowen v. Christian, 16 Fed. 731.]
[Cited in Ex parte Hollis, 59 Cal. 415.]

2. The fact that a bankrupt is adjudicated upon a petition charging him with making a fraudulent conveyance, does not estop his grantee from claiming that as to him the conveyance is valid.

3. An assignment for the benefit of creditors is not fraudulent, because it states the assignor's

desire to distribute his estate "without the sacrifice of property incidental to judicial and official sales, and without the expenses attendant upon winding up an estate in bankruptcy."

Motion for attachment for contempt. [Charles J.] Marter was duly adjudicated a bankrupt on the 3d day of May, and a writ of injunction was issued, prohibiting him and one Moses Beckel from encumbering, disposing of, or in any manner interfering with the property of said bankrupt or any part thereof. Petitioning creditors now come in and move for an attachment for contempt against Beckel, upon affidavit that Marter had made a general assignment to Beckel prior to the adjudication, and that Beckel, since the service of the injunction upon him, had sold the goods assigned to one Lichtenberg; that Lichtenberg had sold them to the wife of the bankrupt, and that the bankrupt, who was then acting as clerk for his wife, was the real owner of the goods. A further affidavit is filed, showing that the wife of the bankrupt executed to Lichtenberg a chattel mortgage on the goods for four hundred and twenty dollars. The counter-affidavit of Beckel does not set forth a different state of facts, but states that the sale to Lichtenberg was made for cash, after public notice of the sale; that it was made in strict accordance with the trusts of the assignment; that before the sale he was advised and believed that the sale was no violation of the injunction, and that it was made with the advice and consent of a majority of the creditors of the said bankrupt. He also shows, for additional cause, that, after the commencement of the proceedings in this case, he held such property adversely to such proceedings, and claimed, and now claims, title thereto, as against any assignee which may be appointed in this case; but that, since the commencement of these proceedings, in obedience to the injunction, he has carefully desisted and refrained from any interference with any of the property of the said bankrupt, not covered by the assignment.

Alfred Russell, for the motion.

Don M. Dickinson, for respondent Beckel.

BROWN, District Judge. It is claimed by the counsel for the petitioning creditors that, admitting the assignment to be valid at common law, yet as it was a general assignment in trust for creditors, it is, within the meaning of the bankrupt act, a conveyance with intent to injure, delay, and defraud creditors, or at least to defeat the operation of the act, and is therefore void as against proceedings in bankruptcy. A large number of authorities are cited in support of this proposition. In re Smith [Case No. 12,974]; Ex parte Burt [Id. 2,210]; Spicer v. Ward [Id. 13,241]; Grow v. Ballard [Id. 5,848]; In re Randall [Id. 11,551]; In re Goldschmidt [Id. 5,520].

A different view, however, was taken by Judge Hall in Re Wells [Case No. 17,387],

and by Judge Treat, of the Eastern district of Missouri, in Re Kintzing [Id. 7,833]. Whatever may be my own views with regard to this question, I feel compelled to follow the decision of Mr. Justice Swayne in the case of Langley v. Perry [Id. 8,067], in which he held, reversing the decision of the district court for the Southern district of Ohio, that where a debtor makes an assignment of his property for the benefit of all his creditors, with intent to secure an equal distribution of all the debtor's property among his creditors, it is not necessarily a conveyance of the property with intent to defeat or delay the operation of the bankrupt act. This opinion was afterwards reviewed and affirmed by him in the case of Farrin v. Crawford [Id. 4,686]; and I must hold it to be the law of this court until reversed by the supreme court, or by the learned justice himself.

The fact that Marter was duly adjudicated a bankrupt upon a petition charging him with making this assignment with intent to defraud, does not preclude Beckel from disputing that fact. The adjudication works an estoppel as to Marter, or other persons not parties, only so far as it fixes the status of the bankrupt. Indeed the conveyance may be an act of bankruptcy, under section 5021, and yet valid as to the grantee, under sections 5128 and 5129. In re Williams [Case No. 17,703]; In re Drummond [Id. 4,093]; In re Schick [Id. 12,455]; In re Dibblee [Id. 3,884]; In re Goodfellow [Id. 5,536]; In re Dunkle [Id. 4,160]; In re Hunt [Id. 6,881]; In re Beck [Id. 1,205].

Although there are certain suspicious circumstances set forth in the affidavit in support of this motion, I see no intent upon the face of the assignment to hinder, delay, or defraud creditors. It is true the assignor states his desire to distribute his estate "without the sacrifice of property incidental to judicial and official sales, and without the expenses attendant upon winding up an estate in bankruptcy;" but he precedes this by saying: "It is expressly intended by this instrument to secure an equal distribution of the assets of the said party of the first part among all his creditors, and in no manner or way impede or delay the operation of the bankrupt act now in force, but give to the creditors the same benefits which might be derived under said act, in the true spirit of said act."

It being established, by the opinion above cited, that a general assignment is not necessarily in fraud of the bankrupt act, I see nothing in these words to indicate that this assignment was fraudulent; on the whole his desire to save a sacrifice of his property is rather praiseworthy than otherwise.

But, again, a still more serious question arises as to the power of this court to enforce a claim of this character by summary proceeding. If the assignment was valid it transferred the title of the property to Beckel, and his sale of it was no violation of an

injunction restraining him from disposing of the bankrupt's property. It is only upon the theory that the assignment is void as against creditors, and that the property still belongs to the bankrupt, that Beckel has been guilty of contempt. We are asked then to determine, summarily, upon petition and affidavits, that this assignment was void and passed no title to the property. The right of the assignee in bankruptcy to the property or its proceeds, turns entirely upon the validity of this assignment, which, as we have already said, is valid upon its face. So far as this question is concerned, the case stands precisely as if an assignee had been appointed, and he had petitioned that Beckel should pay the proceeds of the property to him, or should turn over the property itself, in case he had not sold it. Clearly Beckel holds adversely to the proceedings in bankruptcy, and to any title which the assignee hereinafter to be appointed may take.

Whatever doubt may have existed in the minds of the profession in the early days of the bankrupt law, with respect to the power of the district court to proceed summarily against persons claiming titles to property adverse to that of the assignee, I regard it as settled by the supreme court, in the case of Smith v. Mason, 14 Wall. [81 U. S.] 419, that such proceedings cannot be taken except by a suit at law or in equity, as provided by section 4979 of the Revised Statutes. In this case the bankrupt had placed in the hands of an attorney, for collection, certain claims against the government, upon which he had collected a large amount of money. Prior to his bankruptcy, the firm of which the bankrupt was a member had made an assignment of the claim to Biddle & Co., as collateral security. Biddle & Co. also assigned their interest in the claim to one Smith as collateral security for their indebtedness to him. The assignee filed his petition summarily, setting forth that these several debts to Biddle and Smith had been paid, and prayed that the attorney might be restrained from paying out the money, and that he might be required to give bond for its safe keeping and its production in court when ordered. Subsequently he filed another petition against Smith, who, he alleged, claimed an interest in the fund, and prayed that he might be required to show cause why the fund should not be paid to him. "Beyond all doubt, therefore, the case is one where the appellant claimed absolute title to and dominion over the matter in controversy between him and the assignee of the bankrupt's estate." The court was of the opinion that such cases could not be commenced by a petition for a rule to show cause as in this case, nor be determined in a summary way by the district court sitting in bankruptcy, without due process of law. If the assignee in bankruptcy would divest him of the possession and control of the fund he must do it by a suit at law or in equity, as provided in the third clause of the 2d section. "Strangers to the proceedings in bankruptcy, not served with process, who have not voluntarily appeared and become parties to such a litigation, cannot be compelled to come into court under a petition for a rule to show cause."

The question again came before the court, in the case of Marshall v. Knox, 16 Wall. [83 U. S.] 551. In this case certain property of the bankrupt had been distrained for rent under the laws of Louisiana, and was in the hands of the sheriff at the time of the adjudication. The assignee obtained from the court a rule upon the lessor and the sheriff, to show cause why they should not deliver up the property to the assignees, alleging that various creditors of the bankrupt claimed a privilege on the property and that it was necessary for the proper adjustment of all liens that the possession should be surrendered to the assignee. The landlord claimed the right thus to hold possession of the property until his claim for rent was satisfied. This claim was adverse to that of the assignee. The court held that this case did not substantially differ from that of Smith v. Mason [supra], and that the district court proceeded without jurisdiction in compelling the lessor and the sheriff to deliver up possession of the goods in question to the assignee.

Prior to these decisions there had been a great conflict of authority upon this point. The rule here laid down had been substantially adopted in Irving v. Hughes [Case No. 7,076]; In re Kerosene Oil Co. [Id. 7,726]; In re Bonesteel [Id. 1,627]; Barstow v. Peckham [Id. 1,064]; Knight v. Cheney [Id. 7,883]; Rogers v. Windsor [Id. 12,023]; In re Ballou [Id. 818].

I am aware that a contrary view was taken by Mr. Justice Swayne in Bill v. Beckwith [Case No. 1,406], followed by the late judge of this district in Norris' Case [Id. 10,304]; but I think these cases must be regarded as overruled by the supreme court in the two cases above mentioned.

In Creditors v. Cozzens [Case No. 3,378], an attachment for contempt in disobeying an injunction was refused in a case very similar to the one at bar, on the ground that a separate petition must be filed so that the proceedings upon the injunction need not be complicated with those praying the adjudication of bankruptcy.

The rule adopted in this and the other cases above cited is but the enunciation of a general principle applicable to equity proceedings, that an injunction will not be granted against persons not parties to the suit (Fellows v. Fellows, 4 Johns. Ch. 25; Iveson v. Harris, 7 Ves. 251; Stevens v. Barringer, 13 Wend. 639), unless they are mere agents of the defendant.

I think the facts set forth in the affidavits in this case throw a strong suspicion upon the good faith of the assignment, but the

only remedy is by a plenary action at law or in equity against Beckel for the value or the proceeds of the property. It results, therefore, that the motion must be denied.