(66 App. Div. 527.)

MARTY v. MARTY et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. EX PARTE INJUNCTION ORDER—PERSONS NOT PARTIES—VALIDITY.
    Under Code Civ. Proc. §§ 603, 604, governing injunctions, but which do not authorize the granting of an injunction against one not a party to the action, an injunction order allowed against persons who are not parties to the suit, and without notice to them, is void.

    73 N.Y.S.—24

**2. SAME—RIGHT OF APPEAL—RELIEF BY APPELLATE DIVISION.**

    Code Civ. Proc. § 626, provides that, where an injunction order is granted without notice, the party enjoined may apply to the judge or justice granting the order, or to a term of the appellate division, for an order vacating or modifying it. Section 1347 provides that an appeal may be taken to the appellate division from an order made by the special term affecting a substantial right. Section 1348 authorizes the appellate division to vacate or modify any order in any action or special proceeding made by a justice of the supreme court or by the court without notice. *Held*, that though an ex parte injunction order against persons not parties to the suit was void, and so might be unappealable, yet, the special term having refused relief against it, it was within the power of the appellate division to grant such relief on appeal.

Appeal from special term, New York county.

Suit by Marguerite C. Marty for an injunction to restrain Isidore Marty and others from prosecuting certain actions. From an order denying a motion to modify the injunction as granted, Albert Lajotte and Charles R. Ruegger appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

A. H. Parkhurst, for appellants.
John G. Ritter, for respondent.

INGRAHAM, J. This action was brought to restrain the defendant and several alleged creditors of the defendant from prosecuting certain actions brought against the plaintiff in the city court of New York, or in any other court, and to restrain the defendant from in any manner interfering with the plaintiff in the conduct of a hotel and restaurant in the city of New York, and for other relief; the complaint alleging that the plaintiff was the owner of the said hotel and restaurant; that in the month of November, 1899, the plaintiff went to France, leaving the general management of the hotel to the defendant by power of attorney; that upon her return from Europe she discovered that there was a large deficiency and indebtedness against her, the defendant having misapplied and appropriated moneys of the plaintiff to his own use; that the defendant, with the connivance and assistance of several of his alleged creditors, caused actions to be commenced upon alleged claims in the city court of the city of New York, alleging that the defendant is a partner of this plaintiff; and that in one of such actions judgment has been obtained, execution issued, and the sheriff has taken possession of the hotel thereunder. Upon this complaint, and upon notice to the defendant, an injunction was granted, enjoining the defendant from in any manner interfering with or acting as the manager of the said hotel and restaurant, and also enjoining certain persons named, who were not parties to the action, during the pendency of the action, from commencing, instituting, or prosecuting any further any action or actions in this or any other court in the state of New York, or any now pending therein, for the purpose of enforcing, collecting, prosecuting, or bringing to trial upon any alleged claims against the Hotel Marty in which the plaintiff and defendant are joined as codefendents, until the final deter-

mination of the action, and restraining the sheriff from enforcing any judgment obtained by such creditors.

These creditors are not parties to the action; they had no notice of the granting of this injunction, and are therein enjoined from prosecuting their claims against either of the parties to this action, in an action to which they are not parties, and where they have had no opportunity to be heard. Neither the plaintiff nor the defendant in any way represents such creditors. It is quite apparent that the court had no power in this action to enjoin these creditors, not parties to this action, from prosecuting their claims against the parties thereto. There was no property in the custody of the court upon which these creditors had a lien, or in which they claimed to be interested,—nothing that gave the court jurisdiction over these creditors to justify an order restraining them from enforcing their claims against their debtor. Injunctions are regulated by sections 603 and 604 of the Code of Civil Procedure. Section 603 provides for an injunction where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff. This section applies only to the acts of the defendant in the action, or persons representing them. Section 604 is also limited to an injunction against a party to the action. An injunction is there allowed where it appears that the defendant during the pendency of the action is doing, or procuring or suffering to be done, or threatens or is about to do or procure or suffer to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or where it appears by affidavit that the defendant during the pendency of the action threatens or is about to remove or dispose of his property with intent to defraud the plaintiff. Neither of these sections justifies an order against persons not parties to the action. When a person not a party to the action finds himself restrained by an injunction order from doing any act, he certainly has a right to call the attention of the court to the fact that such unauthorized injunction has been granted; and, upon the attention of the court being called to that fact, it is clearly the duty of the court to vacate the injunction, so far as it restrains a person not a party to the action; and a refusal so to modify an injunction affects a substantial right of the person not a party to the action so enjoined, which entitles him to an appeal from an order denying such relief. The only answer to this would seem to be that, as the court had no power to grant such an injunction, it is void, and cannot affect those not parties to the action. This order, however, in terms, restrains these moving parties; and a very proper respect for an order of the court would prevent them from willfully disobeying its provisions. Whether or not they, strictly speaking, have a right to appeal from an order entered in an action in which they are not parties, upon the attention of the court being called to the fact that such an injunction has been granted it was the duty of the court to eliminate from the

order the provisions thus improvidently inserted, unauthorized by any provision of law; and, the special term having refused this relief, upon the attention of this court being called to the fact it is our duty to grant it. By section 626 of the Code it is provided that, where the injunction order was granted without notice, the party enjoined may apply upon the papers upon which it was granted for an order vacating or modifying the injunction order. Such an application may be made, without notice, to the judge or justice who granted the order, or who held the term of the court where it was granted, or to a term of the appellate division of the supreme court. Section 1347 of the Code provides that an appeal may be taken to the appellate division from an order made by the special term of the supreme court, where the order grants, refuses, continues, or modifies a provisional remedy, or where it affects a substantial right; and by section 1348 it is provided that the appellate division shall have power to vacate or modify, without notice or upon such notice as it shall deem proper, any order in an action or special proceeding made by a justice of the supreme court or by the court without notice to the adverse party. This court has thus ample power to correct an order which purports to restrain an act by a person not a party to an action, where such order has been made without notice to such person, and the court should certainly exercise the power in this case.

The order appealed from should be reversed, with $10 costs and disbursements, and an order granted striking out of this injunction order all provisions restraining any person not a party to the action from instituting or prosecuting any claim or demand that he may have against the Marty Hotel or the plaintiff, with $10 costs. All concur.