JAMES R. DIXON, Respondent, *v.* TONY TALERICO, Defendant.

JOSEPHINE TALERICO (a Person not a Party to the Action, Who Moved to Vacate an Injunction Order Restraining Her), Appellant.        Fourth Department, June 29, 1926.

Injunctions — action on land contract — error to grant temporary injunction restraining wife of purchaser who is not party to action from disposing of her own property — wife not aggrieved by appointment of receiver of husband's property.

In an action to foreclose a land contract and the lien alleged to exist on personal property owned by the defendant who made the contract, it was error for the court to grant a temporary injunction restraining the wife of the defendant from disposing of her own property, since she is not a party to the action.

While she might have been justified in ignoring the injunction, she took the proper remedy of asking the court which granted it to vacate it as to her.

The wife is not a party aggrieved, however, by the order appointing a receiver of her husband's property.

APPEAL by Josephine Talerico from an order of the County Court of the county of Oneida, entered in the office of the clerk of said county on the 22d day of April, 1926, denying her motion to vacate an injunction order which restrained her from selling and disposing of personal property of which she claimed to be the owner.

*Rocco R. Calli,* for the appellant.

*R. S. Johnson* and *Smith Johnson,* for the respondent.

Per Curiam. The granting of temporary injunction orders is authorized by sections 877 and 878 of the Civil Practice Act, and the proceedings are regulated by those and the following sections.

It has been elementary law in this State for more than 100 years that an injunction order may not be granted restraining one who is not a party to the action, and who has not been brought into court where he may be heard and represented. (*Fellows* v. *Fellows,* 4 Johns. Ch. 25; *Watson* v. *Fuller,* 9 How. Pr. 425; *Milhau* v. *Sharp,* 15 Barb. 193, 224; *Batterman* v. *Finn,* 32 How. Pr. 501; *Rorke* v. *Russell,* 2 Lans. 244, 247; *Richman* v. *Consolidated Gas Co.,* 114 App. Div. 216, 228; affd., 186 N. Y. 209.) This rule prevails in the Federal courts. (*Hawley* v. *Fairbanks,* 108 U. S. 543, 551; *Scott* v. *Donald,* 165 id. 107, 117; *Eagle Glass & Mfg. Co.* v. *Rowe,* 245 id. 275; *Matter of Reese,* 98 Fed. 984; *Lewis* v. *Peck,* 154 id. 273.)

The exceptions as to attorneys, agents and servants or to a successor in office of a party enjoined are based on the theory that they are and have been represented in the action by their principal or predecessor, or are acting under the control and direction of the party to the suit; and constructively they are parties. (*People ex rel. Negus* v. *Dwyer,* 90 N. Y. 402, 407.)

There was no warrant whatever for experienced attorneys to apply for an injunction order, and no authority for granting it against the appellant, Josephine Talerico. She was not a party to the action to foreclose the land contract made by her husband and the lien alleged to exist on personal property he owned at the time the contract was made, or was to acquire *in futuro.* The appellant claimed to own and had in her actual possession certain personal property purchased, she says, from her own separate earnings. By the *ex parte* order in question, she was restrained from the control or disposition of this property. The order having been granted without jurisdiction, she might have been justified in ignoring it; but she has taken the more proper and orderly method of asking the court which granted it to vacate the injunction as to her. This should have been done; but that court having denied the application, this court has power to furnish the proper relief. (*Marty* v. *Marty,* 66 App. Div. 527.) The question of title to the property, if there is really a dispute between the receiver and appellant, must be determined in an action in which both parties may be heard. (*Matter of Muehlfeld,* 16 App. Div. 401, 403.)

The appellant is not a party aggrieved by the order appointing a receiver of defendant's property.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order dated April 1, 1926, granted in so far as it refers to or restrains Josephine Talerico, her servants and agents, with ten dollars costs.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ. All concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate order dated April 1, 1926, granted in so far as it restrains Josephine Talerico, her servants and agents, with ten dollars costs and disbursements.