(No. 22890.—

SUSIE ZIMMERMAN, Appellant, *vs.* CHARLES A. F. ZEIMER, Appellee.

*Opinion filed April 17, 1936.*

L. C. JESSEPH, for appellant.

WALTER A. BRENDECKE, and THOMAS G. DEERING, for appellee.

JAMES H. ANDREWS, HARPER ANDREWS, W. H. DYER, EBEN B. GOWER, SIDNEY W. MANDEL, GEORGE EDWARD LEONARD, LIONEL A. MINCER, GREGG A. YOUNG, and JOHN O. WILKINSON, *amici curiæ.*

Mr. JUSTICE JONES delivered the opinion of the court:

Susie Zimmerman, appellant, was a depositor in the Southwest Trust and Savings Bank, a State bank, which became insolvent and closed its doors October 9, 1931. At the time her deposits were made, Charles A. F. Zeimer, appellee, was a stockholder in the bank but was not a stockholder at the time the bank closed. Appellant brought an action at law in the superior court of Cook county against appellee to recover the amount of her deposit, by virtue of section 6 of article 11 of the constitution. Defendant filed an answer to the complaint, in which he set up as a defense

that the bank had at various times balanced plaintiff's passbook, and that the legal effect thereof was to constitute an account stated at such intervals, together with a new promise to pay. Plaintiff entered a motion to strike the answer on the ground that it did not state a defense. The motion was denied and plaintiff elected to stand by her motion, whereupon the court entered a judgment against plaintiff in bar of the action and for costs. She thereupon perfected an appeal to this court. In addition to the defense set up in the answer appellee urges that only those persons who were owners of stock at the time the bank closed are liable under the constitution.

Every insistence made by appellee as to the nature, character and extent of a stockholder's liability under the constitution has been heretofore decided against him. (*Golden* v. *Cervenka*, 278 Ill. 409; *Sanders* v. *Merchants State Bank*, 349 id. 547; *Heine* v. *Degen*, 362 id. 357.) Aside from this, there is an insurmountable obstacle to the maintenance of an action at law to enforce a stockholder's liability when the bank is being liquidated because of insolvency. In each of the above cited cases, and in *Leonard* v. *Bye*, 361 Ill. 185, we held that a representative suit is a proper proceeding to enforce a stockholder's liability to creditors of a closed bank, and in *Heine* v. *Degen, supra,* we had occasion to determine who are entitled to share in the money recovered on account of such liability. We said that all creditors stand on an equal footing, and that "it was doubtless the object and purpose of the framers of the constitution of 1870 that all claims arising under section 6 of article 11 should be regarded as being for the benefit of all the creditors of the bank, ratably, in case the bank became insolvent." To give the constitutional provision any other interpretation would afford individual creditors an undue and unfair advantage over those creditors who present their claims in the representative proceeding in equity. It would furnish opportunity for a stockholder to

prefer one creditor over creditors generally, it would positively prevent the creation of a fund to be distributed ratably among all creditors, as the constitution contemplates, and would result in serious confusion in the liquidation of insolvent banks. Such a condition was not intended by the framers of the constitution.

The superior court was without jurisdiction to hear and determine this cause. The judgment is therefore reversed and the cause is dismissed.

*Judgment reversed and cause dismissed.*