## BANKSON v. ANDERSON.

No. 2154.

District Court, W. D. New York.

Oct. 13, 1937.

68

Mitchell & Staples, of Buffalo, N. Y., for plaintiff.

Rogerson, Clary & Hewes, of Jamestown, N. Y., for defendant.

KNIGHT, District Judge.

On June 25, 1932, it was determined that the capital of the Chicago Bank of Commerce had become impaired and further carrying on of business was prohibited. On June 28, 1932, a receiver was appointed to liquidate the assets of the bank and distribute the assets among the creditors. In a representative action brought in the superior court of Illinois at the same time on behalf of all the creditors, another receiver was appointed to collect, receive, and distribute the amounts due from stockholders, under article 11, section 6, of the Constitution of the State of Illinois, by reason of their ownership of stock in the closed bank. In that action an order was entered enjoining all creditors of the bank from instituting any action against a stockholder for the purpose of enforcing the liability to creditors of said stockholder.

Plaintiff, a resident of the state of Iowa, is a creditor of the bank. Defendant, a resident of the state of New York, is a stockholder of the bank, having held 300 shares of common stock from the formation of the bank until its closing. From April 5, 1930, the date of incorporation, until February 7, 1931, the shares had a par value of $100 each. On the latter date the par value of the shares was reduced to $50 per share. This action is brought to enforce the liability of the stockholder-defendant to creditors of the bank.

Defendant moves to dismiss the complaint on the grounds which may be grouped under these heads: (1) That it fails to state a cause of action in equity; (2) that the matters and things complained of are res adjudicata, and the complaint fails to state any cause of action; (3) that it appears from the complaint that the plaintiff has been guilty of laches, and that the action is barred by the statute of limitations.

It is clear that the complaint adequately states a cause of action in equity against defendant. Had plaintiff brought the action in his name and for his own benefit only, it is equally clear that the action could have been brought on the law side of the court. Inasmuch as the statutory liability in Illinois runs directly to the individual creditor, such an action is proper. Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273. However, from the existent situation arise two factors which justify the intervention of equity. One factor is the multiplicity of actions which will result if each creditor is obliged to sue one or more stockholders to recover his due. Not less important is the inequality of distribution among the creditors of the amounts recovered from the stockholders. The first to bring action would secure payment of their obligations while those bringing action later would find the stockholder's obligation exhausted. The courts of Illinois have determined that the purpose of the constitutional provision was to establish a fund for ratable division among creditors in case of a bank's insolvency. Heine v. Degen, 362 Ill. 357, 199 N.E. 832; Zimmerman v. Zeimer, 363 Ill. 220, 1 N.E.(2d) 854. Many cases have held that, to secure such ratable distribution, a

representative action in equity on behalf of all creditors is proper. The remedy at law in such a case is insufficient. Golden **v.** Cervenka, supra; Zimmerman v. Zeimer, supra; Eames v. Doris, 102 Ill. 350. The action is properly cognizable in a federal equity court. Reconstruction Finance Corporation v. Central Republic Trust Co. (D. C.) 11 F.Supp. 976; Brusselback v. Cago Corporation (C.C.A.) 85 F.(2d) 20. Plaintiff objects that in a previous action, Hillmer v. Anderson (D.C.) 15 F.Supp. 457, it has been determined that certain creditors are not entitled to recover against defendant, and, therefore, that plaintiff has no right to join all creditors in this action. This objection has been cured by service of an amended complaint in which plaintiff alleges that "there are over thirty-two thousand other creditors * * * whose claims against said bank are of a nature and character similar to those of plaintiff" and that the action "is brought and will be maintained on behalf of the creditors * * * who are similarly situated with the plaintiff * * * who are entitled to share equitably * * * in the proceeds." The prayer for judgment in the amended complaint reads in part: "That this court ascertain who were the creditors * * * similarly situated with plaintiff * * * and the total unsatisfied liabilities of said bank to those creditors which accrued during the several periods when the defendant, Frank O. Anderson, was the holder of shares of stock of said bank." The plaintiff has sufficiently made out a case justifying equitable intervention.

■■ The issues here presented were not decided adversely to plaintiff in the action, Hillmer v. Anderson (D.C.) 15 F.Supp. 457. While the defendant's position is the same, that of plaintiff is different with respect to participation in the representative action in Illinois in which the receiver was appointed, the jurisdiction of the court granting the injunction order, the running of the statute of limitations, and the effect of the injunction on plaintiff.

However, the only proceedings in the latter case were the service of the complaint upon the defendant and the motion to dismiss. This plaintiff took no part in such suit and had no notice of it. He was not a party in the sense in which that term is used in section 482 of the New York Civil Practice Act. Leadville Coal Co. v. McCreery, 141 U.S. 475, 12 S.Ct. 28, 35 L.Ed. 824; Reconstruction Finance Corporation v. Central Republic T. Co., supra, 11 F.

Supp. 976, at page 985. Since the complaint does not set out the record of the prior suit, the plea of res adjudicata cannot be considered on this motion to dismiss. To be made available it must be pleaded in the answer. Equity Rule 29, 28 U.S.C.A. following section 723; Keown v. Hughes (C. C.A.) 265 F. 572, and numerous cases there cited.

■■ It is urged that the complaint does not state any cause of action in law or in equity authorizing relief to the plaintiff. This contention cannot be sustained. The obligation of the defendant arose by virtue of the provisions of the Constitution of the State of Illinois. Article 11, section 6, adopted 1870. When the plaintiff became a creditor of the defunct bank, he became vested with a property right which the courts will enforce. Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Howarth v. Angle, 162 N.Y. 179, 56 N.E. 489, 47 L.R.A. 725. The New York Banking Law, section 3 of article 1, is applicable only to "a domestic moneyed corporation," and the procedure laid down in section 120 of the New York Banking Law (now section 113-a) has no application.

■ The next question raised upon the motion is whether the action is barred by the statute of limitations or laches. Section 49 of the Civil Practice Act of the State of New York fixes the period of limitation applicable in this suit and section 24 of the same act provides that the time of continuance of any stay by injunction is not a part of the time limited for the commencement of the action. Concededly plaintiff is bound by the three-year limitation period. Defendant contends that the injunction is effective to the extent only that the plaintiff could not commence an action against stockholders in Illinois.

Subdivision 4 of section 49, aforesaid, contains a further provision, and that is: "the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created." The complaint contains the allegation that the "plaintiff obtained his first information and knowledge of the facts upon which the plaintiff's cause of action is based on August 31, 1936, and prior to that date plaintiff had no knowledge or notice of the facts hereinafter alleged upon which plaintiff's cause of action is based." This allegation clearly brings up the question of the effect of subdivision 4. This point has not

been urged on this motion. For the purposes of the motion the allegation must be deemed to be true. Therefore it seems that the allegation raises an issue which must be determined upon the trial and cannot, as the matter now .stands, be decided upon this motion.

Assuming that it is found that this allegation is not true and that the plaintiff did have knowledge or notice of the facts set forth in the complaint more than three years prior to the commencement of the action, it then, and then only, may become necessary to determine the question of· the effect of the injunction order in so far as it relates to any extension of the period of the time for the commencement of the action. For the reasons last given, the motion to dismiss must be denied.

Motion denied.