(No. 24321. ■)

THE CONTINENTAL CASUALTY COMPANY, Appellant, *vs.*
ARTHUR H. HEIN *et al.* Appellees.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

ISIDORE BROWN, and GEORGE C. BLISS, (SIDNEY W.
MANDEL, and ALBERT LANGELUTTIG, of counsel,) for appellant.

DANIEL D. KAUFMAN, DONALD J. RIZZIO, LAVIN & RUVELL, S. B. ROSENZWEIG, JESSE MARCUS, JACK A. COHON, WOLF & LOVE, REIGER & REIGER, and BERNARD STENGE, (G. A. BURESH, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed its complaint in the superior court of Cook county against numerous persons named as the stockholders of the American Bank and Trust Company, formerly the Milwaukee Western State Bank, to collect a judgment against that bank amounting, with interest and costs, to $12,943.95. On motion of certain of the named de-

fendants the complaint was dismissed. Appellant brings the cause directly to this court on the ground, as its counsel say, that a constitutional question is involved.

The facts, as shown by the complaint and admitted by the motion to dismiss, are, in substance, as follows: On July 21, 1927, appellant became surety on an appeal bond for the Milwaukee Western State Bank, which appellant, on July 12, 1928, paid. On June 14, 1928, the Milwaukee Western State Bank changed its name to the American Bank and Trust Company. Appellant secured judgment against the American Bank and Trust Company on March 27, 1931, for the sum of $12,943.95. Prior thereto, on August 1, 1930, the American Bank and Trust Company and the Armitage State Bank entered into an agreement for consolidation by which both banks transferred all assets to a new bank to be called the Armitage State Bank, and a new charter was issued to the consolidated bank showing an increase of capital stock from $200,000 to $250,000. By their articles of consolidation the assets of both banks were assigned to the consolidated bank and the agreement recites that the consolidated bank assumed all the liabilities of the Armitage State Bank and the deposit liabilities of the American Bank and Trust Company. On June 9, 1931, this consolidated bank was closed by the Auditor of Public Accounts. A receiver was appointed who was authorized to sue and defend in his own name with respect to the affairs of the Armitage State Bank, that bank then being insolvent. On February 19, 1932, a representative creditors' suit against the Armitage State Bank and its stockholders was filed in the superior court. This cause proceeded to a decree fixing liability of various stockholders and retaining jurisdiction to further hear the proceeding by bringing in other stockholders not served.

While the abstract does not show when the original bill of complaint in the cause before us was filed, it appears that the second amended complaint was filed on June 4, 1936.

On February 26, 1937, the complaint, on the demurrer of defendants and motion to strike, was stricken and the appellant was given ten days in which to file another amended complaint. It appears by affidavit filed in support of defendants' motion to dismiss the second amended complaint that on November 17, 1931, the appellant had filed its petition in the receivership matter to establish its claim against the Armitage State Bank, which petition, using the following quoted language, prayed that its judgment against the American Bank be decreed "to be an equitable lien upon the assets of the Armitage State Bank and to have preference over claims of the general creditors of the Armitage State Bank." The receiver filed a general demurrer to that petition, which was sustained, and the petition dismissed for want of equity. These facts are not denied. No appeal was taken from that decree.

A third amended complaint was filed March 31, 1937, to which a motion to dismiss was filed on April 10, following. The grounds of that motion were: (1) That plaintiff lacks the capacity to sue as its suit was not a representative action but one brought solely and only for its benefit; (2) that there was and is pending in the superior court the representative creditors' suit to determine the liabilities of the defendants and other parties by reason of their being stockholders in the American Bank and Trust Company and the Armitage State Bank, as consolidated, and (3) the issues raised in the bill of complaint have been previously determined by the dismissal of appellant's petition in the receivership proceedings.

In this third amended complaint of appellant the allegation is made that the complainant is the only creditor of the stockholders of the American Bank and Trust Company. The affidavit of defendants sets out the proceedings in which appellant sought to have its claim allowed as a preferred claim against the assets of the American Bank and Trust Company held by the Armitage State Bank. This affi-

davit also states that the complainant is not the only creditor against the stockholders of the American Bank and Trust Company, but that there are many creditors who appear in the representative suit filed in the superior court against such stockholders. The order entered dismissing the third amended complaint sets out no ground upon which it is based but directs "the motion of the said defendants to dismiss the third amended complaint be and the same is hereby sustained and the third amended complaint of the plaintiffs be and the same is hereby dismissed for want of equity at the cost of the plaintiff." It was from this order that this appeal has been taken.

A question arises at the threshold of this case whether there is here presented a constitutional question giving this court jurisdiction on direct appeal. Appellant says that there is such a question and that it arises because "the announced basis of the trial court's decision which he treated as arising under point 2 of the motion to dismiss, was that, by the consolidation of the American Bank and Trust Company with the Armitage State Bank, the liability of the stockholders of the American Bank and Trust Company (formerly the Milwaukee Western State Bank) had been obliterated. This presents an interpretation of section 6 of article 11 of the constitution of 1870, the banking provision, in connection with a situation that has never been passed upon by this court and is the basis for the direct appeal to the Supreme Court." Counsel for appellees challenge this statement and an examination of the abstract discloses no such ruling on the part of the chancellor. The motion having been based upon the three grounds hereinbefore referred to, it follows, from this record, that the court's decision allowing the motion was based on those grounds. None of them discloses a constitutional question. The objections to the complaint are, lack of capacity to sue because the action brought was not a representative suit, a prior pending suit to determine the liability of stockholders of

the American State Bank, and that the issues raised in this proceeding were determined in the proceeding on appellant's intervening petition from which decision it did not appeal.

The lack of capacity of a creditor to sue in his own behalf in a case of this kind has been so well settled in this State that there is no longer a question existing as to this point. *Zimmerman* v. *Zeimer*, 363 Ill. 220, and *Golden* v. *Cervenka*, 278 id. 409, definitely held that an individual creditor may not file or carry on a separate suit when there is pending a representative suit on behalf of all creditors. Likewise the liability of bank stockholders has been definitely settled by numerous decisions. *Golden* v. *Cervenka, supra; Sanders* v. *Merchants State Bank,* 349 Ill. 547; *Heine* v. *Degen,* 362 id. 357; *Zimmerman* v. *Zeimer, supra.*

Counsel for appellant say, however, that in the consolidation agreement entered into between the American Bank and Trust Company and the Armitage State Bank none but the deposit liabilities of the American State Bank were taken over by the consolidated bank, and the agreement so recites. It is the law in this State, however, that a consolidated banking corporation, being the result of the consolidation of two or more corporations, is liable for all obligations of each corporation joining the consolidation. Paragraph 5 of section 12 of the Banking act, provides that the "consolidation of one corporation with another, shall not affect suits pending in which such corporations or corporation shall be parties; nor shall such changes affect causes of action, nor the rights of persons in any particular; nor shall suits brought against such corporation by its former name be abated for that cause." This has also been the effect of the decisions of this court. (*Southern Illinois Gas Co.* v. *Commerce Com.* 311 id. 299; *Sikes* v. *Moline Consumers Co.* 293 id. 112.) It is clear, therefore, that notwithstanding the language of the consolidation agreement all liabilities of the American Bank and Trust Company were taken over by the consolidated bank.

The question whether the court was right in dismissing appellant's complaint on any one of the three grounds mentioned in the demurrer and motion to dismiss, does not involve a constitutional question, and as there is no other question giving this court jurisdiction the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*