**BANKSON v. ANDERSON.**

No. 2154.

District Court, W. D. New York.

May 9, 1940.

Leonard & Leonard, of Chicago, Ill., and Mitchell & Staples, of Buffalo, N. Y. (Gordon McLeish Leonard, of Chicago, Ill., of counsel), for plaintiff.

Rogerson, Clary & Hewes, of Jamestown, N. Y. (J. Russell Rogerson, of Jamestown, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

■ Upon the motion to ·dismiss the complaint in this action it was determined that the three-year limitation provided by Section 49 of the Civil Practice Act of New York State was applicable to the cause of action alleged. D.C., 21 F.Supp. 67. As to plaintiff's contention that the doctrine of laches is applicable rather than the statute of limitations, it need only be said that the action had its inception on the law side, Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273, and its transfer to equity was to avoid a multiplicity of suits and to provide a proportionate distribution among creditors of the moneys recovered from the defendant. Under such circumstances the court of equity will apply the statutory limitation. Todd v. Russell, 2 Cir., 104 F.2d 169, affirmed, Russell v. Todd, 308 U.S. 541, 60 S.Ct. 122, 84 L.Ed. ——.

■ Subdivision 4 of Section 49 of the Civil Practice Act provides that "the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created." Section 24 provides that the term of any continuance of any stay by imposition is not a part of the time limited for the commencement of the action. The issues for determination are: (1) the time when plaintiff learned of the facts under which the liability was created, and (2) if it is found that he had such knowledge in 1932, whether the effect of the injunction issued by the Superior Court of Cook County, Ill., was to toll the running of the statute of limitations during the period the injunction was in effect.

The facts have been stipulated by the parties. They were stated generally upon the motion. It further appears that plaintiff filed proof of claim with the receiver of the bank on or about August 16, 1932, ·knowing at that time that the bank had suspended business, had been placed in receivership and was insolvent and that a list of stockholders of the bank and the amount of their holdings was kept by the bank during its period of operation, and thereafter was in the custody of the receiver of the bank and that the list was a matter of public record in the office of the Recorder of Deeds of Cook County, Ill., at all times from April 5, 1930, to the present time· and available for public inspection. It is additionally stipulated that the liability of defendant became absolute and plaintiff's cause of action accrued on June 25, 1932. Plaintiff was informed on August 31, 1936, that defendant was a stockholder and that an accrual audit completed October 30, 1935, indicated a liability on the part of defendant Anderson in the amount of $30,-000 together with interest at 5% from June 25, 1932.

Plaintiff having had knowledge of the fact that stockholders were liable to creditors to the extent of their stock holdings and knowing that a list of stockholders and the amount and the period of their holdings was available upon inquiring can scarcely be heard to say that he did not know that the defendant was a stockholder or that the amount of his liability was unknown. A party can not avoid a reasonable inquiry and then complain that he lacks the information which such inquiry would have disclosed. Fidelity & Deposit Co. v. Queens County Trust Co., 226 N.Y. 225, 123 N.E. 370. Plaintiff knew the bank to be insolvent and knew the stockholders were liable to creditors, including himself. He must be charged with knowledge that Anderson was a stockholder and that he held his stock from the time of the formation of the corporation till its closing. The fact of liability was unquestionable. The exact amount of liability was a matter of proof. It was not necessary to commencement of the action that plaintiff's proof be complete. All of the events which were necessary to establish a cause of action had occurred and the facts were either known to plaintiff or available to him. The court finds, therefore, that the cause of action herein accrued, under Subdivision 4 of Section 49 of the Civil Practice Act, on August 16, 1932.

■ Since the action was not commenced until June 1, 1937, the defense of the statute is thus established unless it should be found, pursuant to Section 24 of the Civil Practice Act, that the running of the statute was suspended during the effective period of an injunction issued by the Superior Court of Cook County, Ill., · in the action in which the receiver was appointed for the bank. The order restraining creditors from instituting suits against stockholders was issued on June 28, 1932, at the instance of creditors. Concededly, defendant was not a party to such action and no action in restraint of suits against stockholders was taken at his request. The

injunction was lifted on November 5, 1935, to authorize one Hillman, auditor, and Whalen, receiver, to sue certain stockholders including defendant Anderson. Such action was dismissed. Hillmer v. Anderson, D.C., 15 F.Supp. 457. On May 21, 1937, plaintiff herein was authorized to bring the present representative action.

Defendant was not a party to the action in which the injunction was granted and could not be restrained thereby. Dixon v. Talerico, 217 App.Div. 191, 217 N.Y.S. 482. He was not benefited by it and so far as the record shows did nothing to impede the commencement of action on the part of creditors. In the final analysis the injunction was for the benefit of creditors. It could have been revoked upon their application or the application of any of them upon a showing to the court that it was no longer beneficial. The fact that the creditors failed to make such application can not be used to extend the period of liability of the defendant.

I find that the action accrued on August 16, 1932; that the injunction did not suspend the running of the statute of limitations, and that the defense that the action was not commenced until after the expiration of the period limited for the commencement of such action has been sustained.

The complaint is dismissed.