JOHN BURKE, Doing Business as NASSAU GRAIN Co., Plaintiff, *v.* YVONNE R. MELLI et al., Defendants.

Supreme Court, Special Term, Nassau County, September 24, 1952.

*Dorothy M. Fordyce* for plaintiff.

*Underhill & Rubinger* for Florence Pezet, third-party claimant.

HALLINAN, J. A third party filed with the Sheriff of Nassau County an affidavit, contemplated by section 696 of the Civil Practice Act, claiming as her property the personal property which was levied upon as the property of the judgment debtors. Upon such affidavit, the judgment entered on March 25, 1952, the execution dated March 31, 1952, and the notice of the Sheriff, dated August 5, 1952, the judgment creditor has moved in the original action for an order adjudging that at the time of the levy, title to the personal property involved was in the judgment debtors, free of the alleged interest therein or lien thereon asserted by the third party in her affidavit, and ordering the Sheriff to sell said personal property as provided by law. The third party opposes the application on the ground that the moving papers are insufficient in that they are not founded either upon a petition or even an affidavit. (Civ. Prac. Act, § 7, subd. 3.)

Section 696 of the Civil Practice Act, as amended, has substituted for the former inquisition by a Sheriff's jury, a hearing, either with or without a jury, which will result in a final determination as to the title to the personal property levied upon. (*Matter of Monarch Sales Co.* v. *Vollmer,* 188 Misc. 281.) The new procedure contemplates the institution by the judgment creditor of " a proceeding ", which has been held to be wholly independent of the action in which the judgment was rendered. (*Dunn* v. *Seidenschwarz,* 173 Misc. 495.)

A special proceeding is instituted by petition and notice of motion. Occasionally, as here, such a proceeding is confused with a motion. The difference between them, as noted by the Appellate Division, Third Department, in *Matter of Callahan* (262 App. Div. 398, 399, motion for leave to appeal dismissed 287 N. Y. 743), " is that the one is an application in a proceeding already pending or about to be commenced, on which it depends for jurisdiction, while the other is an independent prosecution of a remedy, in which jurisdiction is obtained by original process. A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy."

Inasmuch as the judgment creditor has merely made a motion in the original action in which the judgment was rendered,

instead of instituting a separate proceeding, and said motion is not even supported by an affidavit much less a petition, it does not meet the requirements of the statute (Civ. Prac. Act, § 696), and must be denied. This disposition, however, is without prejudice to the institution of " a proceeding " upon proper papers.

Submit order.