## Application of ARTHUR FARRELL.

Supreme Court, Special Term, Broome County, March 8, 1954.

*Glenn F. Carter* for motion.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Philip J. Fitzgerald* of counsel), opposed.

McAvoy, J. This is a motion by one Arthur Farrell for an order of this court restraining the Commissioner of Motor Vehicles from revoking his license to operate a motor vehicle and suspending his certificates of registration until the deter-

mination of his appeal from a conviction of driving a motor vehicle while intoxicated, had in a Court of Special Sessions in the town of Norwich, Chenango County, New York.

This court has no jurisdiction to grant the relief asked upon this motion. The commissioner was not a party to the proceedings in the Court of Special Sessions, nor is he a party to any other proceeding or action now pending before this court. Hence, no restraining order or temporary injunction which might be issued herein would be binding upon him. (*Dixon* v. *Talerico,* 217 App. Div. 191, 192.)

Here, we have a motion made independent of any pending proceeding or action against the commissioner. There is a difference between a " proceeding " and a " motion ". This is pointed out by Mr. Justice HEFFERNAN in *Matter of Callahan,* (262 App. Div. 398, 399, appeal dismissed, 287 N. Y. 743). The distinction " is that the one is an application in a proceeding already pending or about to be commenced, on which it depends for jurisdiction, while the other is an independent prosecution of a remedy, in which jurisdiction is obtained by original process. A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy." (See, also, *Burke* v. *Melli,* 203 Misc. 525.)

Counsel argues that this court has inherent jurisdiction as a court of equity to grant the relief sought in the interests of justice, because the movant will suffer hardship by loss of his license if he is compelled to await the determination of an appeal. " It is well settled by repeated decisions in this State that a court of equity has no inherent power to grant injunctions *pendente lite,* but the authority must be found in the Civil Practice Act." (See *Eastern Farms Products* v. *Wampsville Dairymen's Corp.,* 173 Misc. 413, 414, citing the leading case of *Bachman* v. *Harrington,* 184 N. Y. 458, 462.)

The case of *People* v. *Sledge* (192 Misc. 934), cited by movant, cannot be considered by this court as an authority justifying the procedure followed here. In that case, the defendant pleaded guilty to a charge of driving while intoxicated. After the conviction, he obtained an order from a justice of the Supreme Court staying any proceedings by the Commissioner of Motor Vehicles for the suspension or revocation of his license or registration, pending an appeal. It does not appear whether such order was obtained merely upon motion or in a pending action or proceeding.

It does appear that the commissioner there acted upon a conviction which was a nullity upon its face, because the infor-

mation was sworn to before a police officer and not a magistrate, as provided by statute. In such event, the commissioner was acting without jurisdiction and therefore, might be properly restrained in a proceeding brought under article 78 of the Civil Practice Act.

In the case at bar, the commissioner was acting according to the mandate of the statute (Vehicle and Traffic Law, § 71, subd. 2, par. [b]) after a conviction which appears to be regular upon its face, and made by a court apparently having jurisdiction to render the judgment.

Therefore, the motion for a restraining order is denied, and any stay heretofore granted herein is vacated and set aside.

Submit order in accordance herewith.