Peterson, J.
This is a proceeding under article 78 of the Civil Practice Act instituted by an ex parte order to show cause to stay the Commissioner of Motor Vehicles from enforcing a revocation order which revoked petitioner’s driver’s license, and a suspension order which suspended petitioner’s registration. An ex parte order to show cause also temporarily stayed the commissioner from enforcing the aforesaid revocation and suspension orders, pending the hearing of petitioner’s application for the relief herein sought.
On January 26, 1955, the petitioner was convicted in Police Court, Village of Herkimer, New York, following a plea of guilty to a charge of driving a motor vehicle while intoxicated, a misdemeanor, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Following the receipt of the certificate of conviction, dated May 18, 1955, from George E. Graves, Acting Police Justice of the Village of Herkimer, the Commissioner of Motor Vehicles revoked petitioner’s license and suspended his registration by order No. A-357940 and order No. A-357941, respectively, dated June 10, 1955. Such revocation and suspension were made pursuant to the mandatory provisions imposed upon the commissioner by paragraph (b) of subdivision 2 of section 71 and section 94-a of the Vehicle and Traffic Law.
*53 Petitioner seeks herein to stay the Commissioner of Motor Vehicles from taking any action with respect to his driver’s license and certificate of registration pending the determination of a coram nobis proceeding to set aside his conviction for driving while intoxicated.
The Commissioner of Motor Vehicles was not a party either to the trial resulting in the petitioner’s conviction nor was he a party to the coram nobis proceeding brought thereafterwards to set aside that conviction.
The affidavit of petitioner’s counsel in the matter now under review neither alleges that the action of the Commissioner of Motor Vehicles in revoking the driver’s license and the suspension of the registration certificate was in any way arbitrary, capricious or unreasonable, nor that he acted in excess of his statutory duty contrary to law.
All that is alleged is merely that the petitioner will suffer hardship by loss of his license if he is compelled to await the determination of a coram nobis proceeding.
The petitioner herein was convicted of a misdemeanor for driving a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Section 71 thereof provides that a driver’s license “ must ” be revoked where the holder thereof is convicted of a violation of subdivision 5 of section 70. Section 94-a provides that whenever the Commissioner of Motor Vehicles revokes a driver’s license because of a conviction, he “ shall ” also suspend the certificate of registration in the absence of proof of financial responsibility, and that such suspension remains in effect until such proof has been furnished. (Emphasis supplied.)
The Commissioner of Motor Vehicles merely pursued the duty imposed upon him by statute and he was statutorily required to revoke the license and to suspend the registration. Indeed, “ [h]e could have been compelled to take the action he took upon the facts before him.” (Matter of Gross v. Macduff, 284 App. Div. 786, 789.)
It is significant that the petitioner does not challenge the acts of the commissioner as arbitrary, capricious or unreasonable, nor does he attack the statutes under which the commissioner performed his statutory duties. On the contrary, the only ground upon which the petitioner seeks relief herein is that the Commissioner of Motor Vehicles be stayed pending a determination of a coram nobis proceeding in which the commissioner was not a party. Clearly, therefore, since he has not shown any right thereto, he is not entitled to the relief herein sought.
*54 Moreover, section 71 of the Vehicle and Traffic Law, requiring the revocation of the petitioner’s license, clearly contemplates within its terms that the revocation results upon conviction of driving while intoxicated and is unaffected by any appeal therefrom. Although there is no appeal from the conviction, the coram nobis proceeding seeks to accomplish the same end.
Subdivision 4 of section 71 of the Vehicle and Traffic Law reads in part as follows: ‘ ‘ Reversal on appeal, of any conviction because of which any license or registration has been revoked or suspended, shall entitle the holder to restoration thereof forthwith.” (Emphasis supplied.)
Similarly, section 94-a of the same law provides for restoration of the suspended registration. It is obvious, therefore, that until there has been a reversal of a conviction, one is not entitled in the meantime to his driver’s license obtained as a result of a stay order which prevents a revocation.
Moreover, the petitioner is not entitled to an order staying the commissioner from proceeding to comply with his statutory duties for the reason that there is no action or proceeding pending against the commissioner in any court, neither in this court nor in the Court of Special Sessions. (Matter of Farrell, 205 Misc. 293, citing Dixon v. Talerico, 217 App. Div. 191.)
As the court said in the Farrell case (supra), almost identical with the situation here, we have a motion made independent of any pending proceeding or action against the commissioner. In this event, this court does not possess jurisdiction and consequently may not grant the relief sought. It is settled, too, that persons who are not parties are not subject to restraining orders (Rigas v. Livingston, 178 N. Y. 20; Dixon v. Talerico, 217 App. Div. 191, supra; Marty v. Marty, 66 App. Div. 527), either temporary or otherwise. No authority exists in the Civil Practice Act or in the Vehicle and Traffic Law to restrain the Commissioner of Motor Vehicles herein.
For the reasons above stated, the application herein should be dismissed, and the temporary order heretofore granted vacated and set aside.