William R. Brennan, Jr., J.
The applicant Smith, a licensee of the State Liquor Authority, was convicted of perjury in the first degree. She thereafter surrendered her license for “safekeeping” upon a demand of the Authority that it he surrendered for cancellation. She now seeks an injunction against the Authority restraining it from canceling or revoking the license and requiring that it return the license to her on the ground that the conviction was erroneous. Arguments on the merits of the criminal trial are advanced which would normally be expected in an application for a certificate of reasonable doubt.
Assuming these arguments to be valid, however, and assuming, further, that there is in fact a reasonable doubt as to whether the conviction will stand, this court is without authority or jurisdiction to grant the requested relief. The surrender was a voluntary act and is not reviewable under section 121 of the Alcoholic Beverage Control Law. The application does not purport to be under article 78 of the Civil Practice Act. No act of the Authority is attacked as arbitrary or capricious. All that is alleged is hardship, and this alone is insufficient to warrant a temporary injunction. (Matter of Keel v. Kelly, 1 Misc 2d 51.) Moreover, since the Authority was never a party to the criminal action, this court is without jurisdiction. (Matter of Farrell, 205 Misc. 293.) Finally, as long as the conviction stands, the applicant is, as a matter of law, ineligible to traffic in alcoholic beverages (Alcoholic Beverage Control Law, § 126, subd. 1), and therefore ineligible to hold a license. (Matter of Taurisano v. State Liq. Auth., 284 App. Div. 124.)